Caton, J. J. The admissions of Ormsbee, as testified to by the witnesses, are not competent evidence against the other defendants. In contemplation of law, at least, his interests were adverse to theirs. It does not appear that those admissions were made at a time when it was against his interest to make them, even if that would render them competent. The only indebtedness proved against Ormsbee, at the time he purchased the premises in question, except by such admissions, was his indebtedness as a member of the late firm of McConnel, Ormsbee, & Co. Although his legal liability for those debts still continued, those liabilities were provided for by the undertaking of the other members of the firm to pay them. In pursuance of that undertaking they have since been paid. Ho doubt has been suggested of the entire responsibility of the other members of the firm, to fulfil that undertaking, and the result shows, that that provision was amply sufficient. Ho doubt that he considered at the time, and such appears to have been the fact, that those debts were as amply provided for, as if they had been secured by a mortgage. It, then, could not have been in his contemplation, at the time he made this provision for his family, to defraud those creditors, any more than as if those debts bad been secured by a mortgage ; and the rule seems to be well settled, that where debts are thus secured, they do not afford evidence of a fraudulent intent. As to the infant defendant, the case is still more defectively made out. As to him, nothing can be admitted, but everything must be proved. Beyond the admissions of the answers, there is no evidence that the premises were purchased with the funds of Ormsbee. As to the infant, there is no evidence of the judgment against Ormsbee, or of the subsequent proceedings under which the complainant claims title. Except by the admissions contained in the answers of Ormsbee and Heath, there is not the shadow of a case made out. The decree of the Circuit Court dismissing the bill was proper, and it must be affirmed, with costs. Judgment affirmed.