## HARRIET BARNES *et al.*

### *v.*

## ATLANTA HAZLETON *et al.*

1. SERVICE OF PROCESS—*upon several defendants.* The return upon a summons in chancery against several defendants, was, "This writ personally served by delivering copies of the same to the within named defendants:" *Held*, that it

would be implied the process was served by copy on each individual defendant, and was regular.

2. INFANTS. Against an infant nothing is to be intended, but everything must be proved.

3. SAME—*bringing a portion into hotchpot.* Where an infant defendant in chancery represents, in the distribution of the property involved, a person to whom it is alleged an advancement was made which ought to be brought into hotchpot, it must be proven, as against the infant, that the advancement was equal to the share thus represented, to bar the infant's rights; the minor could not bring the advancement into hotchpot, nor be charged with *laches* in omitting to do so.

4. SAME—*of the character of decree to be rendered against an infant.* It is no objection to a decree against an infant, that it is absolute in form in the first instance. Under the practice in chancery, in this State, that is the character of the decree, and no day is given to show cause, after the infant becomes of age; instead thereof, our statute gives to a minor five years after attaining full age, to bring his writ of error.

WRIT OF ERROR to the Circuit Court of Wabash county; the Hon. S. S. MARSHALL, Judge, presiding.

This was a suit in chancery, instituted in the court below, for a partition of certain lands among the heirs at law of James Thompson, deceased.

The return of service upon the summons was as follows: "This writ personally served by delivering copies of the same to the within named defendants, March 8, 1863."

Among other defendants was Harriet Barnes, a granddaughter of the intestate, James Thompson, who was a minor pending the suit, and against whom a decree was rendered, finding that an advancement had been made by the said James Thompson, in his lifetime, to his daughter, Jane Barnes, who was the mother of the defendant, Harriet, the latter representing her mother, who had died, in the distribution of the estate, and the court decreed that, inasmuch as the defendant, Harriet, had failed and refused to bring the advancement so made to her mother into hotchpot, she should be forever barred from any title or interest in the lands sought

to be divided; and the estate was accordingly directed to be divided among the other heirs who were not, in that way, barred of their rights.

There seems not to have been sufficient evidence that the advancement made to the mother of the defendant, Harriet, if any was made, was equal to her share in the estate, and the decree is alleged to be erroneous as to said Harriet, she being a minor, and therefore unable to bring the advancement into hotchpot.   As to the adult defendants, it is insisted there was not sufficient service of process upon them, to support a decree *pro confesso.*

Messrs. BELL & GREEN, for the plaintiffs in error.

Messrs. TANNER & CASEY and Mr. S. LEWIS DWIGHT, for the defendants in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The language of the sheriff's return, forces the implication that the process was served by copy on each individual defendant, and was regular, and justified the default against the adults so served.

As to the plaintiff in error, Harriet Barnes, she was a minor, and should not have been cut off from her distributive share of of her grandfather's estate on account of the alleged advancement to her deceased mother, without proof that such advancement was equal to her share.   Being a minor, she could not bring the share received by her mother, if any was received, into hotchpot.   The court, therefore, before decreeing against her, should have required full proof that her deceased mother had received her share by way of advancement.   Against an infant nothing is to be intended, but every thing must be proved.   *Hitt* v. *Ormsbee*, 12 Ill. 166; *Hamilton* v. *Gilman et al.* ib. 260; *Cost et al.* v. *Rose et al.* 17 ib. 278.

As to the objection that the decree was absolute against this plaintiff in error, there was no error in that respect. Under the uniform practice in chancery, in this State, a decree against an infant is, in the first instance, absolute, and no day is given to show cause after he becomes of age. Instead thereof, our statute gives to a minor five years after attaining full age, to bring his writ of error. Gross' Stat. 514.

For the error specified, the decree must be reversed and the cause remanded.

*Decree reversed.*