## Atchison, T. & S. F. R. R. Co. v. Lester T. Elder, by His Next Friend.

1. ESTOPPEL—*Infant by his Next Friend.*—An infant is not bound by the admission of anybody. The rule has generally been applied in equity, but it is equally applicable at law.

2. ESTOPPEL—*Infants Not Bound by—Application of the Law.*—An infant was injured in a railroad accident. In pursuance of a compromise between the father and the representatives of the railroad, a suit was instituted, the attorneys employed by the railroad preparing the papers. The matter was submitted to the court, without a jury, and without evidence, and a judgment entered for the appellee for $250, pursuant to the compromise. It appearing that the amount was an inadequate compensation for the injuries received, the court set aside the judgment and a new hearing was had upon which the recovery was increased to $2,500. *It was held,* that, although the father was the next friend, by whom the infant appeared in court, no estoppel applicable to him could affect the infant.

DAMAGES—*$2,500 Not Excessive.*—An infant, a boy of four years, was ruptured in a railroad accident caused by the negligence of the company. It appeared from the evidence that the injury would, in all probability, attend the boy through life. A judgment for $2,500 was held not to be excessive.

5. RAILROAD COMPANIES—*Carriers of Passengers—Care and Negligence—Prima Facie Case.*—Carriers of passengers are bound to the

utmost diligence and care, and are liable for slight negligence. Proof that the plaintiff was a passenger, of the accident, and the injury, make a *prima facie* case of negligence.

6. Railroad Companies—*Negligence—Fencing Track No Measure of Duty.*—Statutory regulations as to fences, etc., do not measure the duty of a railroad company toward its passengers; it must do whatever is fairly possible to insure their safety.

7. Appellate Courts—*No Reversal When Justice Has Been Done.*—The rule that courts will not reverse for error, when on the whole case justice is done, though somewhat doubtful in its application, and always unsatisfactory to the losing party, is constantly acted upon by courts everywhere.

**Memorandum.**—Action for personal injuries. In the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding. Declaration in case. Plea, not guilty; trial by the court; judgment for plaintiff; appeal by defendant. Heard in this court at the March term, 1893, and affirmed. Opinion filed July 6, 1893.·

The statement of facts is contained in the opinion of the court.

Appellant's Brief, Edgar A. Bancroft and Geo. R. Peck, Attorneys.

The plaintiff not only failed to prove that the point where the cow and calf went upon the track was not within the statutory exception, but has failed to allege it as well. He was bound to do both. The burden was upon him to allege and prove that this point was not within the portions of a city, incorporated town or village, platted into blocks and lots. Ohio & M. R. Co. v. Brown, 23 Ill. 94; Chicago, B. & Q. v. Carter, 20 Ill. 390; Galena & C. U. Ry. Co. v. Sumner, 24 Ill. 632; Toledo, P. & W. Ry. Co. v. Lavery, 71 Ill. 522–3; Chicago, C., C. & St. L. Ry. v. Myers, 43 Ill. App. 251.

A failure to perform a statutory duty is not sufficient to create liability; there must be proof also that such omission caused the injury complained of. Toledo W. & W. R. Co. v. Jones, 76 Ill. 311; McGanahan v. E., St. L. & C. R. Co., 72 Ill. 557; I. & St. L. R. R. Co. v. Blackman, 63 Ill. 117; Chicago, A. & St. L. R. R. Co. v. Wellhoener, 72 Ill. 60; Terre Haute & I. R. R. Co. v. Jenuine, 16 Brad. 209; P. D. & E. Ry. v. Aten, 43 Ill. App. 68.

When an infant is regularly in court as a party to a proceeding, either at law or in chancery, he is as much bound by the judgment or decree rendered as a person of full age, and he will not be permitted to question it, except upon the same grounds that a judgment or decree can be questioned by a party *sui juris;* that is, for fraud, collusion or error.   Daniell's Chancery Practice, 205; Herman on Estoppel, 179; Black on Judgments, Sec. 198; Lord Brooks v. Lord Hertford, 2 P. Williams, 519; Tyler on Infancy, 129; Wall v. Bushby, 1 Brown's C. C., 484; Bickell v. Erskine, 43 Iowa, 213; Ralston v. Lahee, 8 Iowa, 17; Joyce v. Mc-Avoy, 31 Calif. 273; Cannon v. Hemphill, 7 Tex. 184.

APPELLEE'S BRIEF, CYRUS J. WOOD AND WILLIAM E. HUGHES, ATTORNEYS.

Until the adjournment of the court for the term, the record remains within the breast of the court and may legally be vacated, altered or changed within the discretion of the court, so as to do complete justice.   Fink et al. v. King, 3 Scam. 144; Stahl et al. v. Webster et al., 11 Ill. 511; Becker v. Sauter, 89 Ill. 596.

A motion made during the term and not disposed of then, may be allowed at a later term.   Windett v. Hamilton, 52 Ill. 180; Hibbard v. Mueller, 86 Ill. 256; Hearson v. Graudine, 87 Ill. 115.

The evidence showed the child was a passenger; it was injured in transit; the defendant was the carrier.   These three facts make a *prima facie* case, for which recovery could be had under a count charging general negligence. Galena & U. R. R. Co. v. Yarwood, 15 Ill. 468.

The railroad company is bound to fence its track when the building of such fences is shown by proof to have been necessary in order to prevent cattle getting upon, straying on or walking on the track at the place of the injury complained of.   Card v. New York C. R. R. Co., 50 Barb. (N. Y.) 39; Lackawanna, etc., R. R. Co. v. Chenowith, 52 Pa. St. 382; Donegan v. Erhardt, 119 N. Y. 468; Galena & C. R. R. Co. v. Dill, 22 Ill. 264; Ohio & M. R. R. Co. v. McClelland, 25

Ill. 140; Thorp v. R. & B. R. R. Co., 27 Vt. 150; Galena & C. U. R. R. Co. v. Loomis, 13 Ill. 548; Chicago, M. & St. P. R. R. Co. v. Dumser, 109 Ill. 402.

Where a passenger, without fault on his part, is injured by reason of the neglect of a railroad company to fence its road (at places other than its depots, grades and highways) he is entitled to recover damages without proof of any other negligence on the part of the carrier. Blair v. Milwaukee, etc., R. R. Co., 20 Wis. 254.

Opinion of the Court, Gary, P. J.

On the 29th day of May, 1892, the appellee, a child four years old, was a passenger, being carried by the appellant on a train toward Chicago. About 7:30 p. m., while the train was approaching Lemont from the south, it was thrown from the track by a cow and calf being there, and, as a result, the boy, as the evidence fairly shows, was ruptured.

On the 6th day of June, 1892, in pursuance of a compromise between the father of the boy and the representatives of the railroad, this suit was instituted, attorneys employed by the railroad preparing the papers, and forthwith was submitted to the court, without a jury, and without evidence, and a judgment entered for the appellee for $250, pursuant to the compromise.

Though the father is next friend, by whom the boy appears in the suit, no estoppel, if there be any, applicable to him, affects the boy, and on these facts alone, without imputing any wrong motive or bad intention to anybody, if it appears that $250 was not a fair and adequate compensation to the boy for his injuries, the court was right in setting aside the judgment at the same term, while it still had control. An infant is not bound by the admission of anybody. The cases are generally in equity, but the rule is equally applicable at law. Hitt v. Ormsbee, 12 Ill. 166, is one of numerous cases.

An amended declaration was filed, the case submitted to the court and the result was a finding and judgment for $2,500, from which this appeal was taken. That the injury sustained by the boy will attend him through life is, from

the evidence, not improbable, and the judgment can not be disturbed on account of the amount of the damages.

In the first case in this State in which the duty of passenger carriers was discussed, it was said that " they are bound to the utmost diligence and care, and are liable for slight negligence. Proof that defendant (in the appeal) was a passenger, the accident, and the injury, make a *prima facie* case of negligence." Galena & C. N. R. R. v. Yarwood, 15 Ill. 468.

Later cases have only in more words emphasized the rule. That the most diligence and care would have adopted precautions that would have prevented that cow and calf being in the way, is obvious to any reader of the testimony. It is not necessary that we should recite it, nor that we should discuss the alleged errors in law when the result is so clearly right.

Statutory regulations as to fences, etc., do not measure the duty of a railway company toward its passengers; it must do whatever is fairly possible to insure their safety.

The rule that courts will not reverse for error when on the whole case justice is done, though somewhat doubtful in its application, and always unsatisfactory to the losing party, is constantly acted upon by courts everywhere.

The judgment is affirmed.