## Charles B. Kimbell v. E. Bruce Miller, a Minor, by His Next Friend, William G. Miller.

1. Trespass and Case—*Distinction Abolished.*—Sec. 21, Ch. 110, R. S., abolishes the distinction as to form, between the common law actions of trespass and case.

2. Pleading—*Case and Trespass.*—A declaration which in the caption calls the action case, while the counts are in trespass. and states in one count, that without legal process, the defendant " had the plaintiff taken by force and against his will to a police station," and in the other " caused the plaintiff to be arrested," followed in each by an averment of being kept in prison, is sufficient on general demurrer or after verdict.

3. Demurrer—*Error in Sustaining, When Material.*—It is immaterial whether a special plea to which a demurrer was sustained is good or bad, when the defendant in the evidence, and by instructions, has had the full benefit of the matter contained in the plea.

Mr. Justice Waterman dissents.

Memorandum.—Trespass. Appeal from the Circuit Court of Cook County; the Hon. Thomas G. Windes, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed April 30, 1894.

The opinion states the case.

Appellant's Brief, Matthews, Dicker & Hughes, Attorneys

The declaration should have been in trespass. Trespass is the only remedy for a menace attended with consequent

damages, and for an illegal assault, battery and wounding or imprisonment when not under color of process.  1 Chitty's Pleadings, 167;  Puterbaugh's Common Law Prac., 544.

If the plaintiff mistakes his form of action, he will meet with a non-suit.  Puterbaugh's C. L. Prac., 542.

APPELLEE'S BRIEF, CASE, HOGAN & CASE, ATTORNEYS.

We do not consider the contention of appellant, that the declaration should be in trespass, tenable, as the distinctions between actions of "trespass" and "trespass on the case," are abolished.  Starr & Curtis' Statutes, page 1787, Sec. 21; Krug v. Ward, 77 Ill. p. 603.

Where the same point was raised in the case of Barker v. Koozier, 80 Ill. 206, the Supreme Court say :

"We are unable to appreciate the force of this position in view of our present statute, which abolishes the distinctions between actions of trespass and trespass on the case. Under the statute abolishing all distinctions between the two forms of action, we can not perceive any foundations for such an objection as that one count is in case, and the other two in trespass, and that trespass and case can not be joined."

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

Sec. 21, Ch. 110, R. S. 1872, has abolished the distinction as to form between trespass and case, and if a cause of action is shown by the declaration in either form, it may be called the other.  St. Louis V. & T. H. R. R. v. Town of Summit, 3 Ill. App. 155.

Here the declaration in the caption or *queritur* calls the action case, and the counts are in trespass, in a blundering way.  They state that without legal process, the appellant "had the plaintiff taken by force and against his will to a police station" in one count, and in the other "caused the plaintiff to be arrested," followed in each by averment of being kept in prison.  The counts state circumstances which are the grounds of an action in trespass.

The declaration is sufficient on general demurrer or after

verdict. It was proved by the testimony of both parties. There is testimony that the father of the appellee waived any right of action, the appellee being a boy of twelve years. The jury found specially against the waiver, and even if they had found the other way, the boy would not have been bound by the waiver. Atchison, etc., R. R. v. Elder, 50 Ill. App. 276, 36 N. E. Rep. 565.

Whether a special plea, to which a demurrer was sustained, was good or bad, is now immaterial, as the appellant, in the evidence and by an instruction, had the full benefit of the matter the plea contained. See cases cited in Wineman v. O'Berne, 40 Ill. App. 269.

The appellant's brief opens with this sentence: "Our principal contention in this case is that the jury below found the appellant guilty in utter disregard of the evidence."

It would do no good to recite the evidence, and we have only to say of it, that while fully satisfied that the verdict is for the right party, we should have been better satisfied if it had been for a smaller sum.

But as it is, it does not appear to have been the result of passion or prejudice on the part of the jury; but may have been only their deliberate, intelligent and impartial judgment as to the reparation due for a forcible arrest, pulling through streets and alleys for several squares, and commitment to a cell in a police station; acts done in anger, without legal justification. The judgment is affirmed.

Waterman, J., dissents as to amount of damages.