## Pittsburg, C., C. & St. L. Ry. Co. v. Walter T. Haley, by his Next Friend.

1. INFANTS—*Not Bound by Compromise of Suit.*—An infant is not bound by his agreement to compromise or to refer to arbitration, or by an award or judgment made under such an agreement.

2. SAME—*Suits by Next Friend.*—An infant is not considered as having sufficient discretion to conduct a suit in person; suit is therefore brought in his name by his guardian or next friend, but the next friend is regarded as an officer of the court, and is subject to direction or removal by the court.

3. SAME—*Authority of a Next Friend.*—No one can admit away the rights of an infant, and a next friend can not compromise or settle a claim for which suit is brought.

4. JUDGMENTS—*Recitals in.*—The recital "after hearing the evidence" is not such a record as will conclusively show as against a minor

P., C., C. & St. L. Ry. Co. v. Haley.

that the case was decided from a consideration of the facts. The recital may be entirely true and yet not include matters essential to a full hearing and an intelligent judgment as to the rights of a party, and will not operate to prevent a vacation of the judgment on a proper showing.

Bill, to set aside a judgment. Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed March 8, 1896.

## STATEMENT OF THE CASE.

This was a bill filed April 16, 1895, by appellees to set aside a judgment entered for $125, July 17, 1885, in a suit in the Circuit Court of Cook County.

The bill charges substantially as follows, to wit:

1. That on or about the 26th day of May, 1885, in a public highway, the complainant had his right leg cut off through and by the negligence of the defendant.

2. That on or about the 6th day of July, 1893, in the Superior Court he brought suit by Sarah J. Haley, his next friend, against the defendant for damages.

3. That during the progress of said suit he discovered that defendant claims that the matters in issue have been settled, compromised and satisfied by a certain suit at law and judgment entered therein in the Circuit Court of Cook County, on the 17th day of July, 1885, the files and records of which said cause are made a part of this bill.

4. That said suit was brought without his knowledge or consent, or the knowledge or consent of his next friend or other person authorized to act for him, and that, by agreement of the attorneys for the respective parties, a judgment was entered therein.

5. That said suit was wholly unauthorized by complainant, and the judgment and satisfaction thereof unknown to him and in fraud of his rights and by collusion between an attorney and the defendant therein.

6. That at the time said compromised suit was brought, said attorney and the defendant were aware that the defendant was liable, and he and said defendant conspired together

to defeat and defraud the complainant, and fictitiously brought the suit in the name of said attorney; whereas, in fact and in truth, said attorney was the attorney and agent of the defendant.

Prayer that the judgment and proceedings may be opened and reviewed and declared null and void and not binding on the rights of complainant.

The answer, in substance, denied all fraud and collusion and all improper proceeding and practice. Evidence was heard and the court found *inter alia* that in the former suit, " without the hearing of any evidence, but upon the agreement of the counsel for the respective parties a judgment was entered by the court without a jury, in favor of the plaintiff for $125."

GEO. WILLARD, attorney for appellant.

CASE & HOGAN, attorneys for appellee; A. W. BROWNE, of counsel.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

We do not think that the evidence shows that the judgment was fraudulently obtained, nor did the court below so find. None of the witnesses testified that the judgment was entered without the hearing of any evidence, although the court so found.

As to whether the court heard evidence, there was no testimony. It does appear from the evidence that there was an agreement between the counsel for the respective parties that a judgment for $125 should be entered for the plaintiff. The next friend, by whom the suit was brought, denies that she agreed to this, and denies also that when she received the money she knew that it was paid under such judgment.

Two witnesses contradicted her as to this.

We do not think that the weight to be given the recital in the record of the judgment that the court " after hearing

the evidence" found the defendant guilty, was overcome by the testimony in the present case.

The testimony shows that a trial by jury was waived; that the amount of the recovery had been agreed upon before the hearing; that only the sum of $125 was asked for, and that a recovery for that sum not being contested, judgment for such amount was entered.

The preponderance of the evidence is that the next friend of the infant, his mother, and the defendant, agreed that a judgment for $125 should be entered, and that the judgment was the result of such agreement, and not of any contest or hearing of evidence in court.

An infant is not bound by his agreement to compromise, or to refer to arbitration, or the result of an award made thereunder. Baker v. Lovett, 6 Mass. 78; Wainwright v. Kelly, 62 Md. 146.

An infant is not considered as having sufficient discretion to conduct a suit in person; suit is therefore brought in his name by his guardian or next friend. Am. & Eng. Ency. of Law, Vol. 10, p. 679.

The next friend is regarded as an officer of court, and is subject to, and may be removed by, the court.

No one, neither guardian nor next friend, can admit away the rights of an infant. Chudleigh v. C., R. I. & P. Ry. Co., 51 Ill. App. 491; C., R. I. & P. R. R. Co. v. Kennedy, 70 Ill. 350–364; A., T. & S. F. Ry. Co. v. Elder, 50 Ill. App. 276; Hitt v. Ormsbee, 12 Ill. 166; Lloyd v. Kirkwood, 112 Ill. 329.

The next friend can not compromise or settle the claim for which suit is brought. Tripp v. Gifford, 29 N. E. 208; 155 Mass. 108.

Undoubtedly he may negotiate for a settlement, but to actually make one which will bind the infant, he has no power.

While, before the judgment under consideration was had, the form of a judicial contest, hearing and determination were gone through, yet it is evident that these were formal, only. Practically, the judgment was a result of a compromise made by the next friend and the defendant.

The recital, "after hearing the evidence," is not such a record as in view of what is shown in the present case, makes the judgment conclusive. The recital may be entirely true, and yet cover very little, nothing essential to a full hearing and an intelligent judgment as to the rights of the plaintiff.

As the infant does not appear to have received the benefit of the money paid, the question of his obligation to return the same before having the judgment under which it was paid set aside, does not arise.

The decree of the Superior Court setting aside such judgment is therefore affirmed.