## Costantino Caliendo, Plaintiff in Error, v. Baltimore & Ohio Chicago Terminal Railway Company, Defendant in Error.

### Gen. No. 24,363.

JUDGMENT, § 347*—*when evidence insufficient to warrant setting aside judgment.* A bill to set aside a judgment for $500 in a personal injury case entered in favor of a minor, 14 years old, who had lost one of his legs in the accident in question, was properly dismissed for want of equity, where from the testimony of complainant, who was the only witness, it appeared that complainant knew practically nothing of the facts and that although he was present at the proceedings which resulted in the judgment, he did not know what was going on, and the testimony was therefore too meager to overcome all the presumptions in favor of the judgment which followed a hearing before a jury.

Error to the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Affirmed. Opinion filed July 2, 1919.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

A. G. Dicus, for plaintiff in error.

Winston, Strawn & Shaw, for defendant in error; J. Sidney Condit, of counsel.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

The writ of error in this case is prosecuted to reverse a decree of the Circuit Court of Cook county, dismissing complainant's bill for want of equity. Complainant filed his bill against the defendant praying that a judgment of $500 entered in his favor and against the defendant, in a suit brought in the Circuit Court of Cook county to recover for personal injuries, be vacated and set aside, and that the personal injury suit be set down for a trial before a judge and a jury. The defendant filed its answer to the bill and the cause was heard before the chancellor, the complainant alone testifying. At the close of complainant's case, the court dismissed the bill for want of equity.

The record discloses that on May 25, 1910, complainant was in the employ of the defendant and was then about 14 years of age; that it was his duty to carry water to a gang of men working for the defendant, and in his work he was required to go upon certain trains of the defendant; that he was severely injured while thus employed, necessitating the amputation of one of his legs; that he, by his next friend, filed suit to recover for the injuries sustained in the Circuit Court of Cook county, and on May 5, 1911, filed a declaration to which the defendant filed a plea of not guilty; that shortly thereafter an agreement was entered into between counsel for the respective parties whereby a judgment for $500 was to be entered in favor of plaintiff and satisfied; that the parties appeared in court before a judge and a jury and a verdict and judgment were entered for $500, which

was satisfied, and that he received $375 and his counsel $125.

In the instant case, among other things, complainant testified that shortly after he was injured an acquaintance took him to a lawyer and suit was brought in his name by a person who appeared as his next friend, but that he did not know the person so appearing; that on the day judgment for $500 was entered, he went to court with his attorney; that he could not understand the English language, but could only understand and speak the Italian language; that on that trial he was not sworn and did not tell the jury how the accident happened; that he did not see any witnesses sworn to testify; that he "didn't understand what they were talking about," and in reply to a question as to whether any of the witnesses who saw the accident, answered, "I didn't see anybody. I was only 13 years old and was small." He further testified that his attorney took him into a small room and he was there about 5 minutes and his lawyer asked him, "are you satisfied with this money?" and he answered, "I don't know—I don't know what you are doing"; that they were in court about 5 or 10 minutes; that he received $375 in instalments; that his mother was dead and his father was living in Italy. He then testified: "Q. You couldn't understand at all when two people were talking to one another in English, you couldn't understand a word they said? A. No, nothing. Q. And you don't know what the people said when they were in the court room, do you? A. No. Q. Mr. Barasa (his counsel) would talk to you in Italian, wouldn't he? A. Yes. * * * Q. Did you see anybody when you were on the train? A. No, I didn't see anybody. Q. Did you see the conductor? A. I saw two people but I don't know who they were. The Court: Q. What kind of car was this, box car, stock car, or what? A. I don't remember very well. It was a box car that has ice in it.

I was thirteen years old—I don't remember. * * * Mr. Condit: Q. Didn't Mr. Barasa tell you that when you took this money you could never have any more? A. He told me this was money from the Company, but I didn't know how much it was. * * * Q. You never saw any of those men, the switchman or the engineer or the brakeman or conductor on that train, on which you were riding, did you, the day you got hurt? A. No, I didn't recognize them. Q. And you don't know who the people were in the court room, do you, the day you came up before the judge? A. The judge was there. Q. Well, there was some man there? A. My lawyer was the only one I knew. The Court: Some men that you did not know? Mr. Dicus: Well, he says he didn't recognize them. I don't know whether there was or not; I didn't recognize them." It further appeared that he did not know the name of his next friend mentioned in the suit.

Counsel for complainant contends that the personal injury matters were settled by the lawyers and that there was not sufficient presentation to the judge and jury to constitute a legal determination of the matter, but on the contrary the evidence shows that the proceedings before the judge and jury were merely formal, and it is said that the case should be reversed on the authority of *Pittsburg, C., C. & St. L. Ry. Co. v. Haley*, 69 Ill. App. 64; same case, 170 Ill. 610. In that case, which was the suit of a minor by his next friend, it appeared that suit was brought seeking to recover $125 for personal injuries, and judgment was entered for that amount. There was no jury and no evidence heard, and the suit was not authorized by the minor nor by the party whose name was used as his next friend in the proceeding. It further appeared that by a prior agreement an attorney assuming to represent the minor agreed to compromise the claim for $125, and that this should be done by filing a declaration and having judgment entered, and the pro-

ceedings before the court were perfunctory. The summons, declaration and plea were filed on the same day. The declaration was filed at the request of the defendant and defendant also paid plaintiff's attorney's fees. The evidence showed that neither the minor nor the mother, whose name was used as next friend, authorized the attorney to make the settlement. In the case at bar, however, there is no claim that the suit was not authorized. Suit was brought for $20,000. We think the attorney representing the minor was not only authorized, but that it was his duty, to endeavor to settle the matter in the interests of the minor. This settlement must, of course, meet the approval of the judge and jury. Every presumption must be indulged in favor of the judgment entered in the personal injury suit. It appears that there was a judge and a jury, and we must presume in the absence of sufficient evidence that the judge and jury were satisfied that it was for the best interests of the minor that judgment for $500 should be entered in his favor. We think it would be going too far in the instant case to ask the chancellor to overcome all the presumptions in favor of the judgment on the meager testimony in the record. The complainant failed to overcome the presumptions in favor of the judgment and the chancellor rightly dismissed the bill for want of equity.

The decree of the Circuit Court of Cook county is affirmed.

*Affirmed.*