GEORGE PERKINS *vs.* JAMES FINNEGAN.

Conduct of a guardian tending to alienate the affection of his infant ward from its mother, who is a person of good character, is a sufficient cause for his removal from the trust.

APPEAL by James Finnegan from a decree of the judge of probate, made in September 1868, removing him from the trust of guardian of Hannah M. O'Brien, an infant, upon the petition of Mary Gilday, her mother, and William Gilday, said Mary's then husband. Hearing at April term 1870, by *Ames*, J., who made the following report thereof:

"At the hearing, much evidence was adduced upon both sides, for the purpose of showing the character of the guardian, and his management of his ward and of her property; and from the evidence submitted the judge found the following facts:

"The ward was a girl of some eight years of age at the time of the making of the decree, and had been under the guardianship of Finnegan since May 1864. She had about $400, being money received for pension and state aid, with the accumulation of interest thereon, obtained by her on account of the services of her father, John O'Brien, in the war of the rebellion, he having been killed in 1862. Her mother married again in 1864, and has been and still is living with her second husband, William Gilday; and four children were born of the second marriage.

"It appeared that Finnegan, who was the husband of the child's maternal grandmother, and was of perfectly good character, had taken the child to live with him and become greatly attached to her, had treated her with unvarying kindness, had himself paid for nearly all of her maintenance and support and had suffered nearly all the child's property to accumulate and proposed to do so hereafter; and that he had no children.

"It also appeared that Finnegan took the child soon after the death of her father in March 1862, and kept her till the fall of 1864, between which time and the close of the year 1867 the child had lived with the mother, spending her school vacations with the guardian ; that at that time, trouble arising as to the custody of the child, the guardian and mother in turn took the child, each from the other ; and that when a writ of *habeas corpus* was sued out by the guardian, in consequence of the detention of the child by the mother, the child was remitted by the court, on July 25, 1868, to the custody of the guardian, who since retained it up to the time of this hearing.

"It further appeared that, upon the removal by the judge of probate of said Finnegan, George Perkins was appointed guardian of the child ; that he was a suitable person to be appointed ; that he gave assurance that the education of the child should be carefully attended to, and the property allowed to accumulate ; that he intended, if so appointed, that the child should live with the mother ; and that the mother and her husband were suitable persons to receive the child, were of good character, and could and would furnish her with a proper and comfortable home.

"And it appeared to the satisfaction of the judge, that, in the present state of feeling between Finnegan and the mother, growing out of the question as to the custody of the child, there was reason to apprehend that the affections of the child would be alienated from the mother by Finnegan and his wife.

"No other complaint was made of the conduct of Finnegan, except that he was not on pleasant terms with the husband of the child's mother, on account of the question as to the custody of the child ; and that he was unwilling to allow the child to visit her mother, after he had obtained the custody by the writ of *habeas corpus*, except for very short periods, and upon strict conditions as to early return. It did not appear that the mother was prevented from having access to the child at all times.

"Upon this state of facts, Finnegan contended that he had fulfilled faithfully all his duties as guardian, and that, as matter of law, no cause existed for removing him, particularly as the custody of the ward is, by special statute, committed to the guardian.

" The judge ruled and held, that, under the circumstances, there was sufficient cause for removing the guardian, and confirmed the decree of the probate court, and now reports these facts, with the rulings thereon, for the revision of the full court, — if the court should be of opinion that, on the foregoing facts, there was not a sufficient reason for removal, the decree of the judge of probate to be reversed."

*J. W. Porter*, for the appellant, cited *Freto* v. *Brown*, 4 Mass. 675 ; *Commonwealth* v. *Hamilton*, 6 Mass. 273 ; *Worcester* v. *Marchant*, 14 Pick. 510 ; *Commonwealth* v. *Murray*, 4 Binn. 487, 492.

*G. F. Flint*, for the appellee, cited *Ex parte Ilchester*, 7 Ves. 348, 381.

BY THE COURT. There was sufficient cause to remove Finnegan. *Decree affirmed.*