ELIZABETH GRAY *vs.* GEORGE W. PARKE.

Middlesex. December 7, 1891. — January 9, 1892.

Present: HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Guardian and Ward — Removal of Guardian — Unsuitableness — Petition by Next Friend — Motion to dismiss — Interrogatories — Specifications — Evidence.*

Mere unsuitableness, without misconduct of any kind, is a sufficient cause for the removal of a guardian.

A motion to dismiss a petition brought by next friends of the ward for the removal of a guardian, because the "petitioners are not friends, and have no authority to sign or appear for" the ward, "and have no interest in the matter," does not amount to a request for the removal of such next friends, and they have authority to act until relieved.

A next friend who brings a petition in the name of a ward for the removal of the guardian is not a party to the petition, and is not required to answer interrogatories filed by the respondent.

On a petition for the removal of a guardian as an unsuitable person, specifications of the petitioner giving her reasons therefor are intended merely to guard the respondent against surprise, and not to narrow or change the issue, and may be

amended by the court; and evidence bearing on the issue, but not covered by the specifications, is admissible in the discretion of the court.

At the hearing on a petition for the removal of a guardian on the ground of unsuitableness, evidence of the respondent's conduct down to the time of the hearing is material to the issue whether at the time of the filing of the petition he was an unsuitable person for the guardianship, and a finding that he is such a person is evidence of unsuitableness at the time the petition was filed.

PETITION to the Probate Court, brought in the name of Elizabeth Gray, by Maria Murdock and Mary E. Gray, described respectively as " a neighbor and next friend " and " a niece and next friend " of the petitioner, for the removal of George W. Parke, the guardian of the petitioner, as being " an unsuitable person to act as such guardian." Hearing in this court, on appeal from a decree of the judge of probate removing the guardian, before *Morton*, J., who affirmed the decree ; and the respondent alleged exceptions, which appear in the opinion.

*G. W. Parke, pro se.*

*J. G. Holt & D. O. Allen*, for the petitioner.

BARKER, J. 1. The first point raised by the exceptions is that the petition to the Probate Court was insufficient, and the decree of that court invalid, because no legal cause of removal was alleged in the petition, or found in the decree. The Pub. Sts. c. 139, § 21, provide that, when a guardian " becomes insane or otherwise incapable of discharging his trust or evidently unsuitable therefor, the Probate Court, after notice to him and to all other persons interested, may remove him." The petition alleges that the respondent " is an unsuitable person to act as such guardian," and the decree recites that " it appearing that the conduct of said guardian was such as to render him an unsuitable person further to act as such guardian, it is decreed . . . that he hereby is removed from his said trust as guardian as aforesaid." The respondent contends that the petition must allege particular facts showing misconduct, and that mere unsuitableness for the trust, unless the guardian is evidently unsuitable because of some striking facts of misconduct, is not a cause for removal; that for a guardian to be " evidently unsuitable" within the meaning of the statute, he must be manifestly, obviously, and unmistakably unsuitable, and that the charge must follow the statute, and contain the words " evidently unsuitable." But we are of the opinion that

unsuitableness is itself without more, and without misconduct of any kind, a fact which, if alleged and shown, is cause for removal. That unsuitableness is evident which appears to the court upon examination of the proofs. The meaning of the words in a similar connection was discussed in the case of *Thayer* v. *Homer*, 11 Met. 104, 110, which held valid a decree removing an executor because he had claims upon the estate which he believed he could not properly prosecute while he held .the office. It was there held that the phrase " evidently unsuitable " could not be restricted to clear cases of absolute unfitness, but included also " an unfitness arising out of the situation of the person in connection with the estate." See also *Winship* v. *Bass*, 12 Mass. 198, 200, 201. The petition and the decree were, therefore, sufficient.

2. The petition was brought in the name of Elizabeth Gray by two persons as her next friends. In the Probate Court the respondent moved to dismiss the petition, because " the petitioners are not friends, and have no authority to sign or appear for Elizabeth Gray, and have no interest in the matter." He did not ask the Probate Court to remove them, and they have continued to act. At the hearing in this court, he claimed, as matter of law, that their authority was seasonably challenged, and that, as no order admitting them to prosecute in behalf of the ward appears upon the record, they cannot proceed; and he excepted to the ruling of the court that their authority must be deemed to have been settled as a matter of fact by the finding of the Probate Court. This ruling was undoubtedly correct. Under our practice, although the next friend is presumed in theory of law to have been appointed by the court, no actual appointment is necessary; and the person who assumes to act as next friend in instituting the proceedings is not ousted from his position by a challenge of his authority, but only by removal by the court, and until such removal his authority is in force. *Guild* v. *Cranston*, 8 Cush. 506. *Tripp* v. *Gifford*, *ante*, 108. The allegations in the motion to dismiss were not a request for their removal, and the record shows that they were allowed by the Probate Court to act until its final decree.

3. Upon entering his appeal, the respondent filed in this court interrogatories to the next friends, which they refused to an-

swer; and he excepts to a ruling that they are not adverse parties within the meaning of the statute, and are not required to answer the interrogatories. The ruling was correct. The next friends were not parties to the petition. *Smith* v. *Floyd*, 1 Pick. 275. *Crandall* v. *Slaid*, 11 Met. 288. *Tripp* v. *Gifford, ante*, 108. *In re Corsellis*, 48 L. T. (N. S.) 425. *Sinclair* v. *Sinclair*, 13 M. & W. 640, 646. *Brown* v. *Hull*, 16 Vt. 673. *Baltimore & Ohio Railroad* v. *Fitzpatrick*, 36 Md. 619. Aside from this, the statute authorizing the filing of interrogatories for the discovery of facts in proceedings in the Probate Court (Pub. Sts. c. 156, § 33, St. 1879, c. 186) authorizes the filing of such interrogatories in the offices of the registers of probate only, and not in this court. Whether it was intended to authorize such interrogatories after the entry of an appeal from the Probate Court is a point which it is not necessary now to decide.

4. After the entry of the appeal, the petitioner, at the request of the respondent, and not upon any order of the court, filed specifications of her reasons for the petition. Two of these specifications, charging improper investments and excessive charges for services, were waived. The other alleged that he had prevented the petitioner from receiving visits from and communicating with her relatives, neighbors, and friends, and had restrained and deprived her of her liberty. At the hearing the respondent claimed that evidence of his conduct after the filing of the petition for his removal was inadmissible, and evidence was admitted, subject to his exception, as to his conduct in relation to the trust down to the time of the hearing, and also that his wife was a niece of the petitioner, and that he had caused a bill in equity to be filed to establish her future right after the petitioner's death to certain real estate now held by the petitioner, and that he had avowed an intention of contesting on behalf of his wife the petitioner's will after her death, and had been contesting on behalf of his wife a will of the petitioner's sister, which gave to the petitioner for her life the use of the sister's property, and that he, being the guardian both of the petitioner and her sister, had endeavored to obtain inspection of their wills through proceedings in the Probate Court, charging concealment and embezzlement of their property by the person whom they had named as executor.

In announcing his decision affirming the decree of the Probate Court, the presiding justice stated that while, if the case stood solely upon the respondent's conduct in excluding relatives and others from visiting his ward, he should be inclined to dismiss the petition, yet, taking the whole case together, and especially in view of the conflict of interests between the respondent and his wife on the one side, and the ward on the other, the conduct of the respondent had been such that it was unsuitable that he should further continue to act as guardian; and the respondent excepted to this ruling. In support of these exceptions, the respondent contends that, after the entry of the decree in the Probate Court reciting that his conduct had been such as to render him an unsuitable person further to act as guardian, and the filing of the specifications in this court, and the waiver of all except the first, which charged misconduct in restraining her intercourse with other persons and curtailing her liberty, nothing remained to be tried under the petition except his conduct in the particular matters set forth in the first specification; so that the evidence admitted was not relevant to the issue upon trial, and the finding of the presiding justice was beyond his power, and erroneous as the case stood. But it is plain that neither the recital in the decree of the Probate Court, nor what had been done with reference to the specification, had so narrowed or changed the issue. The question raised by the petition was not any particular misconduct of the respondent, but was whether he was a suitable person to be guardian. If the petitioner had been surprised by the offer of evidence not within the specifications, and was not prepared to meet it, delay would of course have been afforded him, as the office of the specification was to prevent such surprise. But as it was within the power of the court to allow amendments of the specifications, it was within its discretion to admit the evidence offered.

The respondent was not in fact guardian at the time of the hearing. A decree of the Probate Court removing a guardian is not vacated by an appeal, but remains in force until otherwise ordered by the appellate court. Pub. Sts. c. 156, §§ 14–16. Whether, if it appeared that the guardian had been a suitable person for his trust at the time of the filing of the petition in the Probate Court, and had become unsuitable thereafter, he could

be removed upon appeal in this court, is a question which it is not necessary now to decide, and upon which we express no opinion. The finding that the respondent's conduct had been such that it was unsuitable that he should further continue to act as guardian, taken with the record, is a finding that he was unsuitable as alleged in the petition; and all the evidence excepted to was relevant and admissible upon the question whether, when the petition was filed in the Probate Court, he was unsuitable for the trust. His acts, after the filing of the petition and down to the time of the hearing, tended to show his real position with reference to the interests of his ward at the time when she brought the petition for his removal, and could properly be considered upon that question. We do not intend to intimate that, if the petition had alleged misconduct instead of unsuitableness, acts of alleged misconduct occurring after the filing of the petition could have been given in evidence, or have justified a decree of removal; but the suitableness or unsuitableness of a person for a particular trust is something upon which his subsequent acts and conduct often throw the strongest and clearest light. In the case of *Perkins* v. *Finnegan*, 105 Mass. 501, the state of feeling existing at the time of the hearing of the appeal was a circumstance upon which the presiding justice relied in affirming the decree removing the guardian. We are of the opinion, therefore, that the evidence was properly admitted, and that it justified a finding that the respondent was unsuitable for the guardianship of the petitioner at the time when she applied to the Probate Court for his removal.

*Decree affirmed.*