CHARLES S. ENSIGN, JR., guardian, *vs.* JOSEPHINE FAXON.

Middlesex.　January 18, 1916. — May 18, 1916.

Present: RUGG, C. J., BRALEY, PIERCE, & CARROLL, JJ.

*Guardian. Insane Person. Probate Court,* Jurisdiction, Appeal. *Jurisdiction. Estoppel. Words, "A person who is aggrieved."*

Expenses incurred by the guardian of an insane person in the defence of the ward's estate against proceedings for the collection of a charge for services, instituted by an attorney retained by the ward to render services in connection with the guardianship, are proper items in the guardian's account.

The proper place for the allowance of all expenses incurred and disbursements made in the proper execution of his trust by a guardian, executor, administrator, trustee or other fiduciary appointed by a probate court is in the account of his administration to the court appointing him.

The provisions of R. L. c. 162, § 44, relating to the awarding of costs and expenses in cases which are contested before a probate court or before the supreme court

of probate do not limit the power or jurisdiction of the probate courts to allow to fiduciaries appointed by that court items of expenses and disbursements properly incurred by them in such cases, but are merely supplementary thereto.

On an appeal from a decree of a single justice of this court affirming a decree of a probate court allowing in the account of a guardian of an insane person certain items for expenses and disbursements incurred by the guardian in opposing in the probate court a successful petition of the ward to be discharged from guardianship, the report of an auditor, stating in substance that the items should be allowed because the guardian's opposition to the petition was warranted by the ward's condition, was printed in the record, but the record did not state that that report was the only evidence and no other evidence was reported. *Held,* that the decree must be affirmed because it could not be said as a matter of law that the items could not have been allowed properly.

A guardian of an insane person is not "a person who is aggrieved," within the meaning of R. L. c. 162, § 9, by a decree of the probate court discharging him from his trust as guardian because the ward no longer is insane, and therefore has no right of appeal therefrom.

It here *was intimated* that heirs presumptive of the ward might have a right of appeal from such a decree.

On an appeal from a decree of a probate court allowing in a guardian's account certain items for expenses, disbursements and services in connection with an unsuccessful appeal by the guardian from a decree discharging him from his trust on the ground that the ward no longer was insane, the reasons for appeal alleged by the ward were that the decree allowing the items was erroneous in law, that the probate court did not have jurisdiction to allow the items and that they were unwarrantable and not in the interests of the ward. A single justice of this court affirmed the decree of the probate court and the ward appealed to the full court. *Held,* that the reasons for appeal alleged by the ward were sufficient in statement to permit the consideration by this court of an objection to the items because the guardian had no right to appeal from the decree discharging him from his trust on the ground that his ward no longer was insane and because the court had no jurisdiction to consider such an appeal.

Such an objection on the part of the ward is not a collateral attack upon the jurisdiction of the appellate court, the question at the hearing on the accounts being, whether the items were for charges properly incurred, and the burden being upon the guardian to show that they were incurred lawfully in the administration of his trust.

The ward is not estopped to raise such an objection to the items in the guardian's account merely because at no time during the proceedings attending the attempted appeal of the guardian from the decrees discharging him, which were long and expensive, did the ward object that the guardian's conduct in appealing was legally unwarranted or that the court lacked jurisdiction to entertain the appeal.

RUGG, C. J. This is an appeal by one who has been under guardianship as an insane person from a decree allowing the accounts of the one who has been her guardian. The items in the account which are in controversy fall into several groups and will be treated accordingly.

1. During guardianship, the ward personally retained an attorney at law, who rendered services in connection with her guardianship. He brought first a petition in the Probate Court, see *Willard* v. *Lavender*, 147 Mass. 15; St. 1915, c. 151, § 6, and then an action at law for his services in this regard,. both having now been disposed of finally. The guardian incurred expenses in the defence of his ward's estate against these proceedings. These are proper items for inclusion in the guardian's account. It has been found to have been his duty to protect his ward's estate by this defence.

It is contended that at least so far as concerns proceedings in the Probate Court and an appeal in the supreme court of probate, the exclusive jurisdiction to allow costs and expenses is found in R. L. c. 162, § 44,* and that since no motion for allowance of costs or expenses was presented, and no allowance made, and the proceeding is ended, there are no means for reimbursing the guardian for his expenses. This contention proceeds upon a misconception of correct probate practice and the meaning of the statute. The proper place for the allowance of all expenses incurred and disbursements made in the proper execution of his trust by a guardian, executor, administrator, trustee, or other fiduciary appointee of a probate court is in the account of his administration in the Probate Court. Those are matters relating to the management and disposal of the *corpus* of a trust which is under the control of the Probate Court. They are probate affairs. They should be settled by the Probate Court in the exercise of its general power of supervision over receipts and disbursements of the estates of its wards. The examination and allowance of the accounts of its appointees is the particular proceeding appropriate for their adjudication.

R. L. c. 162, § 44, has no effect upon this general proposition. That statute simply gives power to the Probate Court or supreme court of probate in appropriate instances to tax costs and expenses to either party as against the other or out of the estate. It sup-

---

* Material portions of this section are as follows: "In cases which are contested before a probate court or before the supreme court of probate, costs and expenses in the discretion of the court may be awarded to either party, to be paid by the other party, or they may be awarded to either or both parties, to be paid out of the estate which is the subject of the controversy, as justice and equity may require."

plements the inherent power of those courts. In instances where costs and expenses are sought by a defeated party out of the estate, or by a victorious party against his opponent, the statute offers the only channel by which an award relating thereto can be made. But that statute in no degree narrows or impairs the general powers of a court of probate. For example, one appointed executor of a will, who is obliged to confront a contest in which he finally prevails, necessarily incurs costs in securing the attendance of witnesses and expenses in retaining counsel. In the ordinary case these need not be determined as a part of the proceedings for the proof of the will. The more appropriate proceeding in which to settle such matters is in the petition for allowance of his account. These are expenses which he has incurred in administering the estate. He ought to pay them like any other similar debt and then present them for allowance in his account. That this must be so is apparent from a brief review of the statutes. Before the enactment of St. 1884, c. 131, the courts had no power to award counsel fees in contested probate matters to be paid out of the estate or charged against the other party. *Brown* v. *Corey*, 134 Mass. 249. But those appointed executors who succeeded in getting the will allowed did not bear personally their expenses for counsel fees. These and other necessary disbursements were paid out of the funds of the estate and allowed upon a proper accounting. The enactment of the statute did not curtail the powers of the court in respect of its former jurisdiction, but rather extended its authority into a new field. A further reason why the Probate Court is the appropriate place for settling such matters is that the beneficiaries of the estate are entitled in general to be heard as to the reasonableness and necessity of all expenses of administration. A hearing upon the account is the only convenient occasion for their appearance.

Nothing contrary to this view was decided or intimated in *Lucas* v. *Morse*, 139 Mass. 59. In that case there was a petition by *cestuis que trustent* for accounting by a trustee, and later for his removal. After those proceedings were ended by final decrees, the original petitioners sought to get their expenses incurred therein paid out of the estate. Of course the petition was dismissed. That decision affords no countenance to the proposition either that a fiduciary appointee of a probate court cannot charge all

his expenses rightly incurred in the execution of his trust in the account to the court of his administration, or that that court is deprived of jurisdiction to pass upon such items. See R. L. c. 150, § 14. These items were allowed rightly in view of the findings of the auditor.

2. Another group of challenged items is for expenses and disbursements incurred by the guardian in opposing in the Probate Court the petition of the ward to be discharged from guardianship. These items were allowed by the Probate Court and by the single justice.* The evidence is not reported. Although the auditor's report is printed in the record,† see *Davis* v. *Gay,* 141 Mass. 531, it nowhere is stated that this was the only foundation for the decree entered by the single justice. The decree can be reversed on this point only if as matter of law these items could not have been allowed. It cannot be said as matter of law that under no conceivable circumstances could there be ground which would justify the guardian in presenting evidence on this issue to the court of first instance. There might be a special direction or request from the judge to develop the facts or other conditions which would make such course proper. Perhaps it would be his duty in any event to present the facts to that court. These items must stand.

3. Other contested items relate to expenses and disbursements incurred by the guardian in contesting the same petition of the ward for discharge from guardianship in the Supreme Judicial Court, to which it was brought by the appeal of the guardian. The Probate Court entered "a decree discharging Mr. Ensign from his trust of guardian," because the ward was no longer insane.

A guardian of an insane ward has no right to appeal from a decree of the Probate Court discharging him from his trust as guardian on the ground that his ward is no longer insane. The

---

* *De Courcy,* J.

† The auditor was appointed by the Probate Court and found, as to these items, that they were "all objected to upon the general ground that such contest was unwarranted by the then existing mental condition of the ward. I find, however, upon all the evidence before me that Miss Faxon's mental condition at that time was by no means free from doubt; that the guardian and his legal adviser sincerely believed that her insanity still continued, and that they considered it for her best interest that the guardianship should not be terminated."

guardian is not "A person who is aggrieved" by such a decree within the meaning of those words in R. L. c. 162, § 9. It was said respecting this statute by Mr. Justice Colt in *Lawless* v. *Reagan,* 128 Mass. 592, 593, "In order to give a right of appeal . . . it must appear that the party appealing has some pecuniary interest, or some personal right, which is immediately or remotely affected or concluded by the decree appealed from." The guardian of an insane person fails in every respect of meeting this test as applied to a decree to the effect that his ward is sane. Manifestly he has no personal right. A quite different issue is presented when he is removed for misconduct, where his right to appeal has been recognized without question. *Perkins* v. *Finnegan,* 105 Mass. 501. *Gray* v. *Parke,* 155 Mass. 433. In such a case his reputation for discretion, capacity, sound judgment, or even honesty, may be involved. But he has no pecuniary interest in any right sense in being continued as guardian, when the Probate Court has adjudged that his ward has become sane. He is simply a trustee and can have no interest in this regard adverse to the recovery of sanity by the ward. In this respect he is like an executor of a will, who may be a competent witness to its execution. *Sears* v. *Dillingham,* 12 Mass. 358. *Wyman* v. *Symmes,* 10 Allen, 153. No person holding a position of trust can be heard in court to assert that the emoluments which may come from his continuance in the execution of the trust constitute a personal interest against the interests of those otherwise concerned in the trust. To allow such appeals would have a tendency to foster useless litigation at the expense of the trust, and to dissipate funds which ought to be conserved for the benefit of the ward.

It is not perceived that harm can come from refusal to recognize a guardian as a person aggrieved by such a decree. The Probate Court may be presumed to be impartial, and no such decree would be entered without full investigation. It may be assumed that one fair hearing always will be had on the subject. Perhaps heirs presumptive of the insane person have a right of appeal. *Robinson* v. *Dayton,* 190 Mass. 459. *Sullivan* v. *Lloyd,* 221 Mass. 108. The statute as to appointment of guardians now affords such flexibility of procedure that a mistake in declaring a guardianship ended when it ought to be continued can be corrected readily

by a new appointment without delay. St. 1909, c. 504, §§ 99, 100. St. 1911, c. 206. In respect of being a person aggrieved by such a decree, a guardian of an insane person stands on no better footing than an administrator in opposing the probate of a will of his decedent produced subsequent to his appointment. *Edwards* v. *Ela,* 5 Allen, 87.

The reasons for appeal were sufficient in statement to permit the consideration of this ground of objection to this group of items. One reason alleged was that the decrees were erroneous in law, another that the Probate Court did not have jurisdiction to allow these items, others that they were unwarrantable and not in the interests of the ward. While other causes for the disallowance of these items may have been in mind at that time, this does not prevent now an adjudication upon the right ground. A court should not be astute to construe narrowly the grounds for appeal when the general purpose is to protect the estate of an insane person from an expense of litigation which is unwarranted in law even though the guardian may have been actuated by correct motives and by genuine solicitude for the good of his ward.

This is not a collateral attack upon the jurisdiction of the appellate court. The question here presented is whether certain items of charge in a guardian's account ought to be allowed. The burden is on him to show that the items were incurred lawfully in the administration of his trust.

The ward is not estopped from now relying upon the point. The appellate court had no jurisdiction to consider the case except upon an appeal taken by a person aggrieved by the decree of the Probate Court. *Pattee* v. *Stetson,* 170 Mass. 93. It would have been proper for the ward to have raised the question whether the guardian was a person aggrieved within the meaning of R. L. c. 162, § 9. That was the wise course for her to have pursued. But her failure so to do did not confer jurisdiction upon the court. That could not be founded on consent alone. She did not invoke that jurisdiction. She simply chose at the hearing on the appeal to rely upon the merits of her contention, as she did in the Probate Court, and she prevailed upon that issue. While it is unfortunate in its practical results that the point was not raised there and thus a long and expensive unnecessary hearing avoided, the hearing on appeal was due to the legally unwarranted conduct

of the guardian in attempting to appeal, and not to that of the ward. The doctrine of estoppel is hardly applicable to the ward under these circumstances.

*Decree accordingly.*

*C. M. Bruce,* for the appellant.

*G. M. Poland,* (*L. P. Jordan* with him,) for the appellee.