**WONG BICK LING et al.**

v.

**DULLES, Secretary of State.**

**Civ. A. No. 2427–52.**

United States District Court
District of Columbia.

March 8, 1954.

Robert Watson and William F. Mc-Donnell, Washington, D. C., for plaintiffs.

Leo A. Rover, U. S. Atty., Frank H. Strickler, Asst. U. S. Atty., George E.

Hamilton, Asst. U. S. Atty., Washington, D. C., for defendant.

PINE, District Judge.

This action seeks a declaratory judgment that plaintiffs are citizens of the United States. It is brought under Section 503 of the Nationality Act of 1940,[1] reading, so far as material, as follows:

"If any person who claims a right * * * as a national of the United States is denied such right * * * by any Department * * * upon the ground that he is not a national of the United States, such person, regardless of whether he is within the United States or abroad, may institute an action against the head of such Department * * * in the District Court of the United States for the District of Columbia * * * for a judgment declaring him to be a national of the United States. If such person is outside the United States and shall have instituted such an action in court, he may, upon submission of a sworn application showing that the claim of nationality presented in such action is made in good faith and has a substantial basis, obtain from a diplomatic or consular officer of the United States in the foreign country in which he is residing a certificate of identity stating that his nationality status is pending before the court, and may be admitted to the United States with such certificate upon the condition that he shall be subject to deportation in case it shall be decided by the court that he is not a national of the United States. Such certificate of identity shall not be denied solely on the ground that such person has lost a status previously had or acquired as a national of the United States; and from any denial of an application for such certificate the applicant shall be entitled to an appeal

1. This section (now 8 U.S.C.A. § 1503), formerly appearing in 8 U.S.C.A. § 903, has been repealed by the Immigration

and Nationality Act of 1952, but see the savings clause therein, 8 U.S.C.A. § 1101, footnote.

to the Secretary of State, who, if he approves the denial, shall state in writing the reasons for his decision. The Secretary of State, with approval of the Attorney General, shall prescribe rules and regulations for the issuance of certificates of identity as above provided."

Plaintiffs were born in China, where they now reside, and claim United States citizenship by reason of the alleged citizenship at the time of their birth of a person whom they claim to be their father, who is a resident of the United States.

After the institution of their suit, they filed a motion to require defendant to issue to them certificates of identity under Section 503, supra. This motion was denied on the record as it then existed. Thereupon plaintiffs filed an amendment to their complaint, alleging facts designed to make the requisite averments under Section 503.

Among other things, they alleged in the amendment that they had submitted to the American Consul in Hong Kong their "sworn applications, showing that their claim to nationality was presented in good faith and had a substantial basis," which, as will be noted, are prerequisites under Section 503 to the issuance of certificates of identity. In answer to the amendment, defendant denied that the applications "showed that plaintiffs' claims to citizenship were presented in good faith and had substantial basis."

The case thereafter came before the Court for a pretrial hearing, at which time plaintiffs orally renewed their motion to require defendant to issue certificates of identity. The "good faith" and "substantial basis" of their claims having been put in issue by defendant, the Court concluded that testimony should be taken on these factual issues, and offered the parties an opportunity to submit evidence. Thereupon plaintiffs called upon defendant to produce its files, which was done, and plaintiffs selected therefrom two exhibits which were offered in evidence along with a third exhibit from their own files. There being no objection by defendant, they were thereupon received in evidence. Two of these exhibits were copies of the sworn applications of plaintiffs, respectively, with reports thereon by the American Consul. The remaining exhibit was a letter addressed by defendant's Director of Passport Office to plaintiffs' counsel in Boston. The reports set forth certain facts and concluded that the claims of plaintiffs had not been made in good faith and did not have a substantial basis. The third exhibit, the letter from the Director of Passport Office, stated among other things that plaintiffs had not established their claimed identities and relationship to their alleged father, and that the State Department consequently was unable to determine that their claims to citizenship were advanced in good faith and had substantial basis. The exhibits also disclose that the Consulate-General wrote the alleged father of plaintiffs, informing him that the evidence did not justify the issuance of a certificate of identity and asking him to submit additional evidence of the legitimacy of his claim, but no reply was ever made to the letter; that the plaintiffs were asked to present their mother as a witness for blood testing, but she did not appear; that one of Washington counsel for plaintiffs conferred with a representative of defendant, at which time the lack of evidence of early family association and discrepancies in testimony were discussed, and that at the conclusion of the conference he indicated he had additional documentary evidence which would be submitted to the Department, but such additional evidence has not been forthcoming. The exhibits otherwise disclose a rational and substantial basis for the conclusions of defendant's agents.

The question before the Court therefore is whether, under this state of facts, plaintiffs are entitled to an order under Section 503, supra, directing defendant to issue certificates of identity which would enable plaintiffs to come

to the United States and remain here pending the prosecution of their action. It is not disputed that the motion herein is in the nature of a petition for mandamus, and the decision thereon must therefore be governed by the principles applicable to such actions, a relatively recent summary of which is contained in Hammond v. Hull, 76 U.S.App.D.C. 301, 131 F.2d 23, 25, reading as follows:

> "Those principles may be briefly summarized as follows: (1) The writ should be used only when the duty of the officer to act is clearly established and plainly defined and the obligation to act is peremptory. (2) The presumption of validity attends official action, and the burden of proof to the contrary is upon one who challenges the action. (3) Courts have no general supervisory powers over the executive branches or over their officers, which may be invoked by writ of mandamus. Interference of the courts with the performance of the ordinary duties of the executive departments of the government would be productive of nothing but mischief. (4) When the performance of official duty requires an interpretation of the law which governs that performance, the interpretation placed by the officer upon the law will not be interfered with, certainly, unless it is clearly wrong and the official action arbitrary and capricious. (5) For it is only in clear cases of illegality of action that courts will intervene to displace the judgments of administrative officers or bodies. * * * "

I do not understand that plaintiffs dispute the correctness of this statement of the law, but contend that they come within it, on the sole theory that there is no discretion left in the defendant, once a sworn application has been filed showing that their claim to nationality is presented in good faith and has substantial basis. In other words, they insist that only a ministerial duty to issue the certificates is involved upon submission of the sworn application required by the statute.

In support of this view, they place their principal reliance on Mendelsohn v. Dulles, decided by the United States Court of Appeals for this Circuit on August 6, 1953, appearing in 207 F.2d at page 37. That case, like the one at bar, was an action under Section 503, supra, but the only issue was whether the complaint stated a cause of action, not whether the plaintiff was entitled to a certificate of identity. However, in the last paragraph of the opinion in that case, the Court stated as follows: "Mendelsohn stated a cause of action. He is entitled to his day in court and to a certificate of identity under § 503 of the Act to enable him to come here to conduct his case." [207 F.2d 41.] The statement that he was entitled to a certificate of identity was not necessary to the decision in the case, but nevertheless it is entitled to the respectful consideration accorded to such statements of appellate tribunals if apposite. However, it is clear from the opinion that the statement is not apposite to the present case when read in the context of its facts, because no question was raised therein as to the identity of plaintiff, as is raised here. The only issue was whether, under another section of the Nationality Act of 1940, plaintiff had lost his citizenship under the facts alleged in the complaint. I therefore do not feel that this statement in the Mendelsohn case is controlling or intended for general application.

Turning to the other judicial expressions on this point, I find from my research that all save one have held contrary to plaintiffs' contentions.[2] In-

---

2. Wong Fon Haw v. Dulles, D.C.S.D.N.Y. 1953, 114 F.Supp. 906; Lew Mun Way v. Acheson, D.C.S.D.Cal.1953, 110 F. Supp. 64; Eng v. Acheson, D.C.S.D. N.Y.1952, 108 F.Supp. 682; Yee Gwing Mee v. Acheson, D.C.N.D.Cal.1952, 108 F.Supp. 502; Contra: Look Yun Lin v. Acheson, D.C.N.D.Cal.1951, 95 F.Supp. 583; Cf. Kawaguchi v. Acheson, 9 Cir., 1950, 184 F.2d 310.

deed, I find no basis for believing that Congress intended to make Section 503, supra, automatic or self-executing, with the fraud and mischief so easily envisioned from such construction. And finally, it should be stated that the regulations issued under, and authorized by, Section 503 are likewise contrary to plaintiffs' views.[3]

Accordingly, the motion to require defendant to issue the certificates of identity will be denied. Counsel will submit appropriate order.

---

3. Tit. 22, Sec. 50.18 et seq., Code of Federal Regulations (1949 Ed.).