**252**

YONG HONG KEUNG by his next
friend, Yong Lim

v.

John Foster DULLES, Secretary of State
of the United States.

Civ. A. No. 52–1442.

United States District Court,
D. Massachusetts.

Dec. 10, 1954.

James E. Fitzgerald, Boston, Mass.,
for plaintiff.

James J. Sullivan, Jr., Asst. U. S.
Atty., Roxbury, Mass., for defendant.

ALDRICH, District Judge.

■ This is another petition for a declaration of citizenship. This matter comes up on defendant's motion to dismiss or for summary judgment. The plaintiff says at the outset that the motion must fail because instead of an affidavit the defendant has filed a certified copy of a so-called "Status Report" from the passport files of the plaintiff. It is true that this certificate is not sworn to. However, if it would be admissible in evidence, I do not read Rule 56(e), 28 U.S.C.A., as limiting to affidavits the matters which can be considered on the motion. Monks v. Hurley, D.C.D.Mass., 45 F.Supp. 724; 6 Moore's Federal Practice, § 56.11[1] p. 2062; cf. Farm Bureau Mutual Ins. Co. v. Hammer, D.C.W.D. Va., 83 F.Supp. 383, reversed on other grounds, 4 Cir., 177 F.2d 793. This section is an enlarging provision as to what may be considered, not a restriction.

■ If the certificate is in adequate evidentiary form it is by virtue of 28 U.S.C.A. § 1733. There is some doubt in my mind whether it qualifies under that statute, but I will assume for present purposes that it does. For the reasons given in the opinion handed down this day in Ju Shu Cheung v. Dulles, D. C., 16 F.R.D. 550, the substance of the certificate does not go far enough to bring the case under Ling Share Yee v. Acheson, 3 Cir., 214 F.2d 4. I will not hold that a request for further information after suit has been brought necessarily counteracts or destroys a previous positive denial of citizenship by the consular agent. Cf. Junso Fujii v. Dulles, D.C., Hawaii, 122 F.Supp. 260. Of course at the trial the plaintiff will have to support the allegation of denial made in his complaint, but at the present moment it is not sufficiently contradicted. There is no positive statement that at the "final interview" before suit was brought there was no denial of citizenship.

For the reasons stated in Ju Shu Cheung v. Dulles, supra, the defendant's motion for summary judgment on prayer 1 is granted.

Defendant's answer will be due in 30 days. The case to be ready for trial by April 1, 1955.