**JU SHU CHEUNG, by his next friend, Ju Wah Tau,**

v.

**John Foster DULLES, Secretary of State of the United States.**

Civ. A. No. 52–1432.

United States District Court,
D. Massachusetts.

Dec. 10, 1954.

James E. Fitzgerald, Boston, Mass., for plaintiff.

Anthony Julian, U. S. Atty., Boston, Mass., James J. Sullivan, Jr., Asst. U. S. Atty., Roxbury, Mass., for defendant.

ALDRICH, District Judge.

This is a petition for a declaration of citizenship. The matter comes up initially on defendant's motion to dismiss or for summary judgment. Following a general hearing I have reviewed the entire file, and it seems appropriate that a number of orders be made.

1. The defendant's affidavit dated January 21, 1955 in support of its motion for summary judgment will be stricken, as not in accord with Rule 56 (e) Fed.Rules Civ.Proc. 28 U.S.C.A. In so ordering it does not seem inappropriate to remark that even if this affidavit had been made by one having personal knowledge as required by the rule, it does not go far enough to warrant the relief sought. While it was held in Ling Share Yee v. Acheson, 3 Cir., 214 F.2d 4, certiorari denied 75 S.Ct. 109, that an application has not been sufficiently denied to permit the institution of a suit when the plaintiff had been asked for further information, (see also Fong Nai Sun v. Dulles, D.C.S.D.Cal., 117 F.Supp. 391), there is nothing in this affidavit to show that the consular request therein referred to was not made until after suit. Obviously, if there had been a positive denial before suit the government could not deprive the court of jurisdiction by the simple expedient of thereafter requesting the plaintiff for further particulars. See Yong Hong Kenng v. Dulles, D.C.Mass., 127 F.Supp. 252.

2. There being now no contradiction of the complaint, the motion to dismiss or for summary judgment as to prayer 2 for a declaratory judgment of citizenship is denied.

■ 3. Prayer 1 seeks an order against the defendant to furnish temporary documentation so that the plaintiff may come from Hong Kong to attend the trial and prosecute his action. There is no allegation showing that the plaintiff had exhausted his administrative remedies. Nationality Act of 1940, § 503, 54 Stat. 1171; Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; United States v. Sing Tuck, 194 U.S. 161, 24 S.Ct. 621, 48 L.Ed. 917. Furthermore, I agree with the dictum in Dulles v. Lee Gnan Lung, 9 Cir., 212 F.2d 73, 75–76, that the court cannot compel the Secretary of State to issue travel documents in any event. It is true that from the standpoint of the litigant he might in some instances be better off to be present at the trial, Lew Mun Way v. Acheson, D.C.S.D.Cal., 110 F.Supp. 64, one of the decisions in effect overruled by Lee Gnan Lung, but it must be presumed that the Secretary does his duty and weighs the considerations, some of which he may be in a better position to examine than the court. A strong Congressional policy should be made evident to override the customary exemption of the executive from judicial interference. Linklater v. Perkins, 64 App.D.C. 69, 74 F.2d 473; Wong Bick Ling v. Dulles, D.C.D.C., 119 F.Supp. 513. It is one thing to have jurisdiction for declaratory purposes, and quite another for an order amounting to mandamus. Perkins v. Elg, 307 U.S. 325, 59 S.Ct. 884, 83 L.Ed. 1320; cf. Marshall v. Crotty, 1 Cir., 185 F.2d 622.

I find nothing in the 1940 Act to support petitioner's contention. Nor do I think it entirely impertinent to observe that the 1952 Act might not permit him even to institute an action. 8 U.S.C.A. § 1503(b). The defendant's motion to dismiss or for summary judgment as to prayer 1 will be granted. I am not authorized to say to what extent the other judges of this District concur in the reasoning just expressed, but they do concur in this result.

■ 4. The defendant will be ordered to answer so much of the complaint as relates to prayer 2 in 30 days. In this connection I note that while at some earlier stages in this case the court extended the time for "answer or other pleading," the last extension referred only to an answer. Thereafter the defendant filed the motion to dismiss. No answer was ever filed. Doubtless the defendant relied on Rule 12(a), which provides for an automatic extension of the time for answer when a motion to dismiss is filed. However, I do not approve of the practice so adopted by the government. While I realize there is a split of authority, I prefer the view that an extension of time for "answer", without more, should not be taken to extend the time for filing dilatory or other pleas. The order should be explicit. 2 Moore, Fed.Practice ¶ 12.06, p. 2235. If the defendant has other pleadings in mind this should be made evident at the time that an extension is requested. Consequently the answer is long overdue. However, I recognize the difficulty of obtaining information for answer in such naturalization cases, and will allow 30 days in this instance.

■ 5. This suit was brought by a minor by his alleged father, Ju Wah Tau, as next friend. The government filed "Interrogatories to be answered by Ju Wah Tau". Apparently these were addressed under Rule 33. A next friend is not a party, and is accordingly not subject to interrogation under Rule 33. Gray v. Parke, 155 Mass. 433, 29 N.E. 641. His admissions do not bind the plaintiff. See White v. Joyce, 158 U.S. 128, 146, 15 S.Ct. 788, 39 L.Ed. 921. If Ju Wah Tau's testimony on written interrogatories is desired, the defendant should proceed under Rule 31. The

interrogatories filed May 25, 1954 are stricken.

6. It appears from the complaint that the plaintiff has now passed his 21st birthday. I will entertain a motion for the removal of Ju Wah Tau as next friend, if presented. Gray v. Parke, supra.

7. This case is to be entirely ready for trial by April 1, 1955.