BREYER, Circuit Judge.
Ivo Cerqueira and his wife have sued Ivo’s brother, Antonio Cerqueira, claiming that Antonio is legally responsible for injuries that Ivo suffered while working on a fishing boat, the F/V KIMBANDA. Ivo’s complaint asserted several different legal bases for liability, including the Jones Act (Count I), “unseaworthiness” (Count II), negligence (Count III), and “maintenance and cure” (Counts IV and V). The district court granted summary judgment in favor of Antonio, the defendant, because it believed the record showed that Ivo, not Antonio, owned the boat, and because, in its view, the law does not permit a boat’s owner to sue under any of these legal theories. Ivo now appeals this grant of summary judgment.
Rule 56 permits Antonio to move for summary judgment “with or without supporting affidavits”. Fed.R.Civ.P. 56(b); see Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Rule 56 entitles a party to summary judgment “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact,” and if the law (given the undisputed facts) is on his side. Fed.R.Civ.P. 56(c). Antonio tried to show the relevant fact — boat ownership — by denying, in his Answer, that he owned the boat, by attaching to a legal memorandum supporting his motion for summary judgment an Exhibit B, which consists of an unsigned copy of an Answer that Antonio filed in a different case that Ivo brought against him, and by attaching to the same memorandum an Exhibit E, which consists of an unsigned draft of an agreement apparently prepared by Ivo’s lawyer for use in that earlier case. In Exhibit B (the Answer), Antonio says that Ivo “is not a citizen of the United States ... and for that reason” cannot “hold[] title” to the boat; he adds that “for such reason, Ivo ... requested ... Antonio [to] hold the documented title as a convenience to” and “for the benefit of *865 Ivo.” Exhibit E says about the same thing, adding that “Ivo purchased ... the F/V ‘KIMBANDA’” and that the boat “was documented in the name of Antonio because Ivo was not a U.S. citizen.”
We believe that, technically speaking, Antonio should have introduced his exhibits into the record through affidavits, not as exhibits to a memorandum of law; and, ideally, he would have asserted the facts that they suggest in his own affidavit. See Hamilton v. Keystone Tankship Corp., 539 F.2d 684, 686 (9th Cir.1976); Goldman v. Summerfield, 214 F.2d 858 (D.C.Cir.1954); Douglas v. Beneficial Finance Co., 334 F.Supp. 1166, 1169 (D.Alas.1971). Without such affidavits, it is difficult to bring the documents squarely within the class of materials upon which Rule 56 explicitly permits a district court to rely in deciding a motion for summary judgment. Nonetheless, Ivo concedes in his brief to this court that “Exhibit E was drafted by Ivo as a proposed resolution of the related case.” Cf. United States v. One Heckler-Koch Rifle, 629 F.2d 1250, 1253 (7th Cir.1980) (statement in brief may be treated as “admission” under Rule 56); 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2723, at 65-66 (1983) (same). We see no point in remanding this case to permit Antonio to file an affidavit stating the very thing that Ivo has conceded, namely, that the document is what it purports to be. We therefore assume it appropriate for the district court to have taken account of Exhibit E. Cf. Townsend v. Columbia Operations, 667 F.2d 844, 849 (9th Cir.1982) (permitting court to notice on summary judgment motion four documents not annexed to the pleadings or affidavits but accepted by both parties as genuine); Miller v. Elegant Junk, 616 F.Supp. 551, 552-53 (S.D.W.Va.1985) (noting documents attached to pretrial order); Yong Hong Keung v. Dulles, 127 F.Supp. 252 (D.Mass.1954) (accepting unsworn “Status Report” submitted by Immigration and Naturalization Sendee instead of affidavit); 10A C. Wright, A. Miller & M. Kane, supra, § 2721, at 40-42 (urging broad standard of permissible material under Rule 56); id. § 2722, at 52-54 (“admission” under Rule 56 includes anything which is in practical effect an admission). Exhibit E tends to show that, equitably speaking, the boat belonged to Ivo (though Antonio held legal title). Ivo nowhere denies this fact; he sets forth no “specific facts” tending to show the contrary. Fed.R.Civ.P. 56(e). Thus, the district court could take as a factual ‘given’ that Ivo bought the boat while permitting Antonio to take legal title as a “convenience.”
This factual finding is sufficient to warrant summary judgment for Antonio on most of Ivo’s legal claims. A plaintiff normally can bring an unseaworthiness claim only against the owner of a vessel. Stephenson v. Star-Kist Caribe, 598 F.2d 676, 679 (1st Cir.1979); Baker v. Raymond International, 656 F.2d 173, 181 (5th Cir.1981), cert. denied, 456 U.S. 983, 102 S.Ct. 2256, 72 L.Ed.2d 861 (1982); Guidry v. Continental Oil Co., 640 F.2d 523, 530 (5th Cir.), cert. denied, 454 U.S. 818, 102 S.Ct. 96, 70 L.Ed.2d 87 (1981). While we have found no cases directly on point, we think it clear that the “owner” of the KIMBANDA must be the ‘equitable’ owner (Ivo) and not one who has taken ‘legal’ title just for convenience (Antonio). We have found one exception to the “ownership” rule, namely, that a charterer who has taken exclusive “possession, command, and navigation” of the vessel may also be sued for unseaworthiness. Guzman v. Pichirilo, 369 U.S. 698, 699, 82 S.Ct. 1095, 1096, 8 L.Ed.2d 205 (1962); see also Reed v. The Yaka, 373 U.S. 410, 412-13, 83 S.Ct. 1349, 1351-52, 10 L.Ed.2d 448 (1963); Stephenson v. StarKist Caribe, 598 F.2d at 679-81; Baker v. Raymond International, 656 F.2d at 181— 82. But the plaintiff must prove this shift of control. See Guzman v. Pichirilo, 369 U.S. at 700, 82 S.Ct. at 1096. Here, Ivo’s assertions that he is not the “legal owner,” that Antonio was “in charge of maintenance,” and that Antonio tried to pass himself off as the vessel’s owner, if true, still would not prove that Antonio had exclusive “possession, command, and navigation.” Summary judgment therefore was properly entered on the unseaworthiness count. See *866 Celotex Corp. v. Catrett, 106 S.Ct. at 2552-53 (summary judgment may be entered against party who produces no evidence on essential element of his case as to which he has burden of proof).
Ivo can succeed on his Jones Act and “maintenance and cure” claims only if Antonio employed him. Fink v. Shepard Steamship Co., 337 U.S. 810, 815, 69 S.Ct. 1330, 1333, 93 L.Ed. 1709 (1949); Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 787 n. 6, 791, 69 S.Ct. 1317, 1320 n. 6, 1321, 93 L.Ed. 1692 (1949); Cortes v. Baltimore Insular Line, 287 U.S. 367, 371, 53 S.Ct. 173, 174, 77 L.Ed. 368 (1932); Stephenson v. Star-Kist Caribe, 598 F.2d at 681; Turner v. Wilson Line, 242 F.2d 414, 417 (1st Cir.1957). The fact that Ivo was the ‘equitable’ owner of the boat — that he bought it and put legal title in Antonio just as a “convenience” — indicates that he was not Antonio’s employee. See United States v. W.M. Webb, Inc., 397 U.S. 179, 192, 90 S.Ct. 850, 856, 25 L.Ed.2d 207 (1970) (boat’s owner is usually employer of those who work on it); G. Gilmore & C. Black, The Law of Admiralty, § 6-7, at 285, § 6-21(a), at 335 (2d ed. 1975) (same). Ivo points to no “specific facts” in the record showing the contrary.
Count III of Ivo’s complaint, however, asserts the following:
15. As a direct result of the Defendant’s failure to use due care, the Plaintiff was seriously injured while on board the vessel. The Plaintiff’s injuries were actually and proximately caused by the Defendant’s negligence.
In context, this language sets forth a simple claim for negligence. Antonio does not argue that one can bring a simple negligence claim only against a shipowner. Cf. Turner v. Wilson Line, 242 F.2d at 418 (recognizing existence of general negligence claim after determining that defendant was not decedent’s employer); Mahramas v. American Export Isbrandtsen Lines, 475 F.2d 165, 169 (2d Cir.1973) (similar). Nor does he provide us with any other legal support for the district court’s grant of summary judgment with respect to this claim.
The complaint apparently treats jurisdiction over Count III as “pendent” to the court’s federal-question jurisdiction over the Jones Act claim in Count I. See Mitchell v. Trawler Racer, Inc., 265 F.2d 426, 428 (1st Cir.1959), rev’d on other grounds, 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960). Jurisdiction also seems proper, however, on the basis either of diversity of citizenship or of the court's general maritime jurisdiction. 28 U.S.C. §§ 1332, 1333. Since the district court’s opinion indicates that its grounds for summary judgment do not extend to Count III (or to Ivo’s wife’s loss of consortium claim under Count VI), plaintiffs should be allowed to proceed further upon these claims in that court, with the district court permitting any necessary jurisdictional amendment.

The district court’s grant of summary judgment is affirmed as to Counts I, II, IV and V. It is vacated as to Counts III and VI. The case is remanded for further proceedings consistent with this opinion.