[Cite as *In re S.H.*, 2018-Ohio-5007.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTERS OF S.H. AND T.H. | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | Case No. 18-CA-34 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Licking County
                                  Court of Common Pleas, Probate
                                  Division, Case Nos. C2011-0018 and
                                  C2011-0019

JUDGMENT:                         Affirmed

DATE OF JUDGMENT:                 December 12, 2018

APPEARANCES:

For Plaintiff-Appellant                For Defendant-Appellee

WILLIAM PAUL BRINGMAN                  CAROLYN CARNES
Bringman Legal Co., L.P.A.             Assistant Prosecuting Attorney
7100 N. High St., Suite 101            Licking County
Worthington, Ohio 43085-2316           20 South Second Street, 4th Fl.
                                       Newark, Ohio 43055

*Baldwin, J.*

{¶1}   William Bringman appeals the April 13, 2018 judgment entry of the trial court denying his second motion for relief from judgment. The State of Ohio is appellee.

## STATEMENT OF FACTS AND THE CASE

{¶2}   Appellant was appointed to serve as guardian ad litem for the dependent children named in the caption of this case. On February 10, 2017 the trial court, sua sponte, removed the appellant as guardian ad litem "because he has not fulfilled the continuing educational requirements required under the rules of superintendence." (Judgment Entry, February 10, 2017, Docket 116).  Appellant did not file an appeal from this order.

{¶3}   Appellant filed a motion for relief from judgment on February 21, 2017, attached to it a copy of a certificate of participation in a seminar purportedly sponsored by the Supreme Court of Ohio. Appellant explained that he had completed the continuing education requirements but inadvertently did not attach a copy of the certificate to his annual report. He cites Section 2.1 of the Code of Judicial Conduct suggesting it obligates the trial court to compel him to appear at a hearing prior to removing him as guardian ad litem.  The trial court denied the motion on February 22, 2017.  Appellant did not appeal from this order.

{¶4}   Appellant presented a second motion for relief from judgment in April 2017. The trial court refused to accept the filing and appellant filed a petition for a writ of mandamus and procedendo in this court to compel the trial court to accept the motion and conduct a hearing. (*State of Ohio ex rel William Paul Bringman vs. Robert Hoover, Judge*, 5th Dist. Licking No. 2017CA0052). On February 5, 2018, the trial court issued an

order granting appellant the opportunity to be heard on the motion for relief. We dismissed appellant's petition as being moot.

{¶5} The trial court's entry of February 5, 2018 offered appellant the opportunity to participate in an oral hearing on all the issues raised contingent upon his submitting a request for hearing. Appellant filed his request for hearing on February 12, 2018 and a hearing was conducted on April 12, 2018. In the intervening weeks appellant filed a motion requesting that the trial court judge recuse himself from hearing. The motion was denied based upon the fact that the Supreme Court of Ohio rendered a decision dismissing appellants' affidavit of disqualification filed against the judge. Appellant also filed complaints with the Disciplinary Council of the Supreme Court of Ohio regarding the judge's actions. Both complaints were rejected.

{¶6} At the April 12, 2018 hearing, Appellant repeated his assertion that he made a mistake in 2017 by failing to document his compliance with Rule 48 of the Rules of Superintendence regarding continuing education requirements. The trial court denied appellants' second motion for relief from judgment finding that the relief requested was not supported by the facts or the law.

{¶7} Appellant filed a notice of appeal from the April 13, 2018 entry and listed seven assignments of error:

{¶8} "I. THE TRIAL COURT ERRED IN REMOVING APPELLANT AS GUARDIAN AD LITEM FOR THE CHILDREN FOR FAILURE TO MEET THE EDUCATIONAL REQUIREMENTS TO MAINTAIN SAID STATUS."

{¶9} "II. THE TRIAL COURT ERRED IN DENYING THE MOTIONS OF APPELLANT FOR RELIEF FROM JUDGMENT THAT APPELLANT BE REMOVED AS GUARDIAN AD LITEM."

{¶10} "III. THE TRIAL COURT ERRED IN ENGAGING COUNSEL TO REPRESENT HIM IN THE EFFORT OF APPELLANT TO HAVE APPELLANT REINSTATED AS GUARDIAN AD LITEM FOR THE MINOR CHILDREN HEREIN."

{¶11} "IV. THE TRIAL COURT ERRED IN APPOINTING A SUCCESSOR GUARDIAN AD LITEM AFTER APPELLANT FILED HIS MOTIONS FOR RELIEF FROM JUDGMENT."

{¶12} V. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO CERTIFY AND TRANSMIT APPELLANT'S MOTIONS FOR RELIEF FROM JUDGMENT TO THIS COURT FOR PURPOSES OF THIS APPEAL."

{¶13} "VI. THE TRIAL COURT ERRED IN ALLOWING INTO EVIDENCE COURT EXHIBITS THAT WERE NEITHER OFFERED INTO EVIDENCE OR TESTIFIED ABOUT IN THE COURSE OF THE HEARING ON THE MOTIONS FOR RELIEF FROM JUDGMENT CONDUCTED BY THE TRIAL COURT."

{¶14} "VII. THE TRIAL COURT ERRED IN ORDERING TRANSMITTED TO THE COURT OF APPEALS ALL DOCKET ENTRIES OF THE TRIAL COURT FILED THEREIN AFTER THE NOTICE OF APPEAL WAS FILED HEREIN OTHER THAN THE OMITTED MOTION FOR RELIEF FROM JUDGMENT FILED BY APPELLANT AND THE TRIAL COURT'S ENTRY WITH RESPECT THERETO."

{¶15} Preliminarily, we note that one of the dependent children, S. H., is no longer in the custody of the state effective May 25, 2018. Consequently, with regard to that child,

appellant's appeal is moot and hereby dismissed. We also note that the other child became 18 years of age on November 6, 2018 and likely will be emancipated at the next annual review.

**ANALYSIS**

**{¶16}** Appellant claims he is appealing from the April 13, 2018 order of the trial court, but his brief reveals he is appealing the trial court's order of February 10, 2017 removing him as guardian ad litem. His first assignment of error makes his intent clear when he cites the removal as error and the conclusion of his brief confirms his goal by asking that the order of removal be vacated. The February 10, 2018 order removing appellant as guardian ad litem was a final appealable order. "A person who is removed as a guardian has a recourse in the appellate courts." *In re Guardianship of Thomas*, 10th Dist. Franklin No. 16AP-292, 2016-Ohio-7793, ¶ 12. A right to appeal has been recognized when the guardian's reputation for discretion, capacity, sound judgment, or even honesty, may be involved. *Ensign v. Faxon* (1916), 224 Mass. 145, 112 N.E. 948 cited with approval in *In re Guardianship of Love*, 19 Ohio St.2d 111, 114, 249 N.E.2d 794, 796 (1969).

**{¶17}** Appellant was obligated to appeal the decision of the trial court within thirty days, but instead filed a motion for relief from judgment (App.R. 4) and the time for appeal has expired. "A Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment." *Key v. Mitchell*, 81 Ohio St.3d 89, 1998-Ohio-643, 689 N.E.2d 548 (1998). We find that this appeal was untimely filed with regard to the central issue, the removal of appellant as guardian. Even if we were to use February 22, 2017, the date

of the first entry denying the motion to vacate, as the date of the final appealable order, the notice of appeal would be delinquent. Appellant's second motion to vacate the judgement entries of February 10, 2017 and February 22, 2017 removing him as guardian and denying his first motion for relief from judgment likewise does not serve to extend the time for appeal.

{¶18} Appellant's first assignment of error is denied and, because the remaining assignments of error are inextricably involved with the first assignment of error, we find that the remaining assignments are moot.

{¶19} The decision of the Licking County Court of Common Pleas, Probate Division is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Hoffman, J. concur.