## EMMA C. TRIPP vs. JOHN W. GIFFORD.

Bristol.    October 28, 1891. — November 30, 1891.

Present: ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Infant — Prochein Ami — Compromise.*

A settlement of an action, brought by an infant by his next friend, which is made out of court and is not approved by the court, does not conclude the infant, and is not admissible in evidence for the defendant at the trial of the action, either in bar or upon the question of damages.

TORT, to recover for personal injuries sustained by the plaintiff, an infant, from the bite of a dog.

At the trial in the Superior Court, before *Hammond*, J., it appeared that the name of the plaintiff's father originally had been inserted in the writ as her next friend, but that before the trial he had been removed by the court upon a petition filed in behalf of the infant; and another person had been assigned by the court to act as next friend. The defendant offered evidence tending to prove that the plaintiff's father, acting as next friend and in good faith, intending to protect the interests of his child, made a settlement with the defendant out of court, by which the defendant paid him fifty dollars, and both parties intended this to be a full settlement of the cause of action named in the writ. This evidence was offered both for the purpose of proving a settlement as a bar to the action, and also as bearing upon the question of damages, but the judge excluded it, and the defendant excepted.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*W. C. Parker*, for the defendant.

*E. D. Stetson*, for the plaintiff.

BARKER, J. The action was brought by the father of the plaintiff as next friend. Before the trial, the court removed him, and appointed another person to act in that capacity. At the trial, the defendant offered to show, both in bar of the action and upon the question of damages, that the father, while acting as next friend and intending to protect the plaintiff's interests,

had in good faith made a settlement with the defendant, who had paid him the sum of fifty dollars, which both intended should be a full settlement of the cause of action. The only question in the case is whether this evidence was rightly excluded. No agreement for the settlement or disposition of the cause was filed in court before or after the removal of the father as next friend, but the original liability of the defendant was not contested, and the case went to the jury on the question of damages only.

The question whether a next friend can compromise and discharge the cause of action by an agreement made out of court, has never come to this court for decision. Many of the numerous cases in which infants sue by next friends are never brought to a trial, but are so compromised or adjusted by the parties or counsel that they are disposed of by judgments entered in fact by consent. Sometimes, but very rarely, the proposed arrangement is brought to the attention of the court, and its sanction obtained. In most instances, however, the settlement is made and the judgment entered without calling the attention of the presiding justice to it, or obtaining his approval. That such judgments conclude the minor we have no doubt, since he is ordinarily bound to the same extent as a person of full age by acts done in good faith by his counsel in the course of a suit; and even in equity, if a decree is entered against him by consent without special inquiry, he will be bound by the decree. *Walsh* v. *Walsh*, 116 Mass. 377, 382.

The principal cases in our reports in which the position of the next friend has been considered are *Parsons* v. *Jones*, 9 Mass. 106, *Smith* v. *Floyd*, 1 Pick. 275, *Miles* v. *Boyden*, 3 Pick. 213, 218, *Crandall* v. *Slaid*, 11 Met. 288, and *Guild* v. *Cranston*, 8 Cush. 506. From these decisions it is clear that, while he may be any person who will undertake the infant's cause, the next friend is in theory of law appointed by the court. His authority is commensurate with the writ, the plaintiff's cause of action, *pro hac vice*, being intrusted to him. He may so conduct himself as to damage the plaintiff, to whom he will thereby become answerable. The court will be slow to interfere and revoke his authority, but when proper cause is shown it will do so, and appoint another, or stay proceedings. He is not liable for costs,

because not a party to the suit. Having been appointed to prosecute for the infant, he may discharge the judgment. The judgment, whether for or against the infant, will, while it remains in force, bar any future action for the same cause.

It is clear that, so far as these authorities go, his position and duties do not necessarily require him to have power out of court to discharge the cause of action. Nor is there any doubt that the general principle is as stated in *Denholm* v. *McKay*, 148 Mass. 434, 441, that "the rights of infants are sedulously protected by courts of law and of equity, as well as by statute."

An examination of the decisions elsewhere shows that they do not favor the proposition, that the next friend may discharge the infant's cause of action by a settlement out of court. It is held that he is an officer of the court appointed specially for the protection of the infant's interests; *Morgan* v. *Thorne*, 7 M. & W. 400; *The Etna*, Ware, 462; *Baltimore & Ohio Railroad* v. *Fitzpatrick*, 36 Md. 619; that he is not a party to the action for any, purpose; *Brown* v. *Hull*, 16 Vt. 673; *Sinclair* v. *Sinclair*, 13 M. & W. 640, 646; *In re Corsellis*, 48 L. T. (N. S.) 425; *Baltimore & Ohio Railroad* v. *Fitzpatrick, ubi supra;* that he cannot submit the case to arbitration; *Tucker* v. *Dabbs*, 12 Heisk. 18; or bind the infant's estate for attorney's fees; *Houck* v. *Bridwell*, 28 Mo. App. 644; that he cannot compromise the suit without the express sanction of the court; *Isaacs* v. *Boyd*, 5 Porter, (Ala.) 388; *Miles* v. *Kaigler*, 10 Yerger, 10; *Crotty* v. *Eagle*, 35 W. Va. 143; *Clark* v. *Crout*, (S. Car.) 13 S. E. Rep. 602; that while he cannot surrender substantial rights, he may assent to arrangements which will facilitate the trial and determination of the cause; *Kingsbury* v. *Buckner*, 134 U. S. 650; and that the court will always interpose to protect the infant against the collusion of the next friend with the adverse party, or any misconduct. *The Etna*, Ware, 462.

We see no reason why the next friend should not have authority to institute or to entertain negotiations for a settlement of the controversy. His position with reference to it is like that of a general guardian, or the guardian *ad litem* of an infant defendant. It is to be expected that he will act fairly and intelligently for the real interest of the plaintiff; but it cannot be said that every suit brought in the name of the infant is upon a good

cause of action, or that, if well brought, the just amount of the recovery cannot be arrived at without a trial, or that when the next friend and the defendant, and their respective counsel, who are sworn officers of the court, act in good faith, it is necessary that an investigation of the fairness of a proposed adjustment should be made or ordered by the court before disposing of the cause. The next friend is intrusted with the rights of the infant so far as they are involved in the cause, and acts under responsibility both to the court and the plaintiff. It may well be considered to be within his official duty to negotiate, if possible, a fair adjustment, without subjecting the plaintiff to the expense and risk of a trial.

When, however, he assumes finally to conclude a settlement out of court, and to discharge the cause of action by an agreement *in pais,* under which he accepts less than the plaintiff's entire demand, he does more than is clearly within his authority to prosecute the action, and more than we think ought to be allowed with due regard to the protection of the infant. Unless such a settlement is affirmed, either in terms if brought to the attention of the court, or by an entry of judgment in regular course, it may fairly be held invalid. If it is not of such a nature as to commend itself to counsel, to whom, as well as to the next friend, the infant has a right to look for protection, it ought not to stand unless sanctioned by the court. It is no injustice to a defendant to hold that the infant is not concluded until the cause is disposed of by judgment.

We hold that in the case at bar the settlement made by the father while next friend, having been made in the country and not sanctioned by the court, did not conclude the plaintiff. Evidence of it, therefore, was not admissible in bar; and as the father was never a party to the cause, no admission of his in the country, at least if made in the course of negotiations for a settlement, was admissible against her on the question of damages.

*Exceptions overruled.*