MABEL E. WALLACE *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.     November 22, 1906. — February 28, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Infant.   Next Friend.   Judgment*, Entry of.   *Practice, Civil*, Entry of judgment.

In an action for personal injuries by an infant, brought for him by his next friend, if a reasonable settlement of the case is made fairly and both the next friend and the defendant desire to reduce it to judgment, and the plaintiff's counsel of record who has been informed of the settlement makes no objection to it, whereupon an agreement in writing for the entry of judgment and judgment satisfied is signed for the plaintiff by his next friend and is filed in court by the counsel for the defendant without signing it, the agreement is binding on the parties and the case is ripe for judgment.

Where a case in the Superior Court is ripe for judgment under R. L. c. 177, § 1, requiring that on the first Monday of every month judgment shall be entered in all actions ripe for judgment unless the court otherwise orders, the judgment goes into effect on the first Monday of the following month, even if the clerk fails to note that fact on the docket, and, if the clerk has made an unauthorized entry of judgment at an earlier date, this is immaterial.

PETITION of Mabel E. Wallace, a minor, by her mother and next friend, Josie Wallace, filed in the Superior Court for the county of Middlesex on June 17, 1904, to amend the record in the case of Wallace *v.* Boston Elevated Railway, No. 6078, on the docket of that court, and praying that an alleged agreement for judgment be put off the files and destroyed and that the case be brought forward on the docket to stand for trial.

At the hearing upon the petition in the Superior Court before *Lawton,* J. the following facts appeared in evidence:

The docket record in the case numbered 6078 was as follows:

" Henry C. Long 6078   Mabel E. Wallace *p. p. a. v.* Boston Elev. R'l'y Co.   R. A. Sears.

"1903.   Dec. Decl.   Jury claim by plff.   Ans.

" 1903.   December 31 Judgt. for plff. for $1. without costs, &

(1903)                              Judgt. satisfied, by agt on file."

The "agreement" referred to on the docket and filed among the papers of the case, was as follows:

"Commonwealth of Massachusetts.

"Middlesex, ss.                           Boston, 21 Dec. 1903

"Mabel E. Wallace *p. p. a. vs.* Boston Elevated Railway Company.

"Agreement.

"The above case having been settled, it is agreed that judgment may be entered therein for the plaintiff for one dollar without costs, and that entry may be made of judgment satisfied.

"James A. Murray          James H. Wallace, Father and next
   "Witness to sig-          friend of Mabel E. Wallace
       nature.                             Attorney for

                                 "Attorney for
                                     Defendant."

The action, No. 6078, was brought by the present petitioner, by her father, James H. Wallace, as her next friend, to recover damages for the loss of the lower part of one of her legs which was injured by a car of the defendant. The plaintiff appeared by Henry C. Long, Esquire, an attorney at law, whose appearance is recorded upon the docket record above given. The defendant did not regard itself as liable in the action and never had made any attempt to settle the case or made any offer of settlement.

On December 21, 1903, the father went to the office of the defendant and requested the attorney of the defendant to settle the case with him, saying that he wanted to buy his girl a cork leg, which would amount to $175, for a Christmas present, and wanted the defendant to settle for that sum. The attorney for the defendant told him that the plaintiff had counsel and he, the defendant's attorney, would not talk with him, the father. The father said he was going to discharge the counsel. The attorney again told him to go and see his counsel, but on the father's insisting upon talking about the case the attorney for the defendant called up on the telephone the counsel for the plaintiff and told him that the father was there and wanted to settle the case and that he, the defendant's attorney, had refused to settle the case with him and had told him to go to his counsel, and that the father had said he was going to discharge the counsel,

and that the father had said he would not have Long for counsel anyway. The judge found that this was tantamount to a discharge of the attorney Long.

The attorney for the defendant said to the plaintiff's attorney that the plaintiff had no case, but that the injury was so great that the defendant would be willing to pay enough to purchase the child a cork leg. Mr. Long said, " Well, go ahead and settle with him but save me out my bill of $150." The attorney for the defendant said he would not pay so much, that that was more than the case was worth and that it was a case where the road was not at fault. The attorney for the defendant told Mr. Long he was going to pay the plaintiff $175 in settlement of the action, and would pay the plaintiff's attorney his bill.

The attorney for the defendant paid the father $175 in settlement of the action and told him that he would pay the attorney's fees so that the sum would be clear for the plaintiff, and he paid the plaintiff's attorney $50 in settlement of his bill. Two releases were executed, one by the father as father and next friend of the child, and one by the father personally. The $175, except $2 of it, was paid by the father to the mother, the next friend in this petition. The appointment of the father as next friend never was revoked. The appearance of the counsel for the plaintiff never was withdrawn.

It was at the time of this settlement that the agreement printed above was signed by the father and by the witness to his signature. The agreement was filed by the defendant in the case, No. 6078, without any signature in behalf of the defendant. Thereupon, without any special order of the court, the clerk made the entry of judgment to be found in the above copy of the docket record under the date of 1903, December 31. See R. L. c. 177, § 1; Rule 23 of the Superior Court.

The petitioner asked the judge to make the following rulings:

2. Under the evidence and record in this case the plaintiff is entitled to have the entry dated December 31, 1903, stricken from the record.

3. Inasmuch as the entry was unauthorized by special or general order of the court or by rule, no judgment has been given in the case.

4. Inasmuch as the agreement was not signed by the defend-

ant the case was not ripe for judgment within the meaning of the rule and therefore the entry was unauthorized and should be stricken off.

5. The agreement having been signed by the next friend only and not by the counsel of record in the case, it was made without sufficient authority to render the case ripe for judgment and therefore the entry should be stricken off.

6. As a result of the evidence it appears that the agreement was not such a one as in equity and good conscience ought to bind the plaintiff. The court, therefore, will not sustain it and the entry based upon it should be stricken off.

7. A minor party to a suit in court is represented in court by his attorney of record, and no judgment by consent should be entered against such a party without the consent of his attorney of record.

8. The written agreement not being signed by the defendant or its attorney remains an agreement made by the next friend *in pais* and is therefore not binding upon the plaintiff under the decision of *Tripp* v. *Gifford*, 155 Mass. 108.

9. Upon all the evidence in this case the petitioner is entitled to have the record amended according to the prayer in the petition.

10. Upon the evidence in this case the court legally in the exercise of its discretion may amend the record according to the prayer of the petition.

The judge refused to make any of these rulings. He gave as the ground for refusing to make the rulings numbered 2 and 3, that they were not in accordance with the facts, and as the ground for refusing to make the ruling numbered 10, that it was not applicable to the facts found.

The judge found that the allegation that the father at the time he signed the agreement and received the money was intoxicated and mentally incapable was untrue, found that the settlement was such a one as the court would have approved had the matter been brought to the court's attention at the time of the filing of the agreement, and ruled that the court had the power to grant the relief prayed for (against the defendant's contention and objection), but also ruled that there had been a valid settlement of the case, and for that reason dismissed the petition. The petitioner alleged exceptions.

*A. L. Richards,* (*T. Eaton* with him,) for the petitioner.

*J. T. Hughes,* for the respondent, was not called upon.

HAMMOND, J.   At the hearing the judge found that the allegation that the father, who was the next friend, was intoxicated and mentally incapable at the time he signed the agreement, was untrue.   No fraud or collusion was alleged.   The powers and duties of a next friend in a case like this were considered in *Tripp* v. *Gifford,* 155 Mass. 108.   In that case the following language is used by Barker, J. : " We see no reason why the next friend should not have authority to institute or to entertain negotiations for a settlement of the controversy.   His position with reference to it is like that of a general guardian, or the guardian *ad litem* of an infant defendant.   It is to be expected that he will act fairly and intelligently for the real interest of the plaintiff; but it cannot be said that every suit brought in the name of the infant is upon a good cause of action, or that, if well brought, the just amount of the recovery cannot be arrived at without a trial. . . . The next friend is intrusted with the rights of the infant so far as they are involved in the cause, and acts under responsibility both to the court and the plaintiff. It may well be considered to be within his official duty to negotiate, if possible, a fair adjustment, without subjecting the plaintiff to the expense and risk of a trial.

" When, however, he assumes finally to conclude a settlement out of court, and to discharge the cause of action by an agreement *in pais,* under which he accepts less than the plaintiff's entire demand, he does more than is clearly within his authority to prosecute the action, and more than we think ought to be allowed with due regard to the protection of the infant.   Unless such a settlement is affirmed, either in terms if brought to the attention of the court, or by an entry of judgment in regular course, it may fairly be held invalid.   If it is not of such a nature as to commend itself to counsel, to whom, as well as to the next friend, the infant has a right to look for protection, it ought not to stand unless sanctioned by the court.   It is no injustice to a defendant to hold that the infant is not concluded until the cause is disposed of by judgment."

In the case before us the judge found that certain acts of the next friend were tantamount to his discharge of the counsel

whose name was upon the record as counsel for the plaintiff. Whether that be so or not, it does not appear that the counsel objected to the settlement, but on the contrary he seems to have been content with it. The agreement of settlement was signed by the next friend, and then was filed in court by the counsel for the defendant, who neglected to sign it. Thereupon, without any special order of the court, the clerk entered up judgment on December 31, 1903, the next day for entering up judgment under the statute (R. L. c. 177, § 1) in cases ripe for judgment being the first Monday in January, 1904. See Rule 23 of the Superior Court.

It is urged by the plaintiff that, the agreement not being signed by the counsel for the defendant, the judgment was for that reason invalid. But we do not think that position tenable. By filing the agreement the defendant indicated its assent and desire to have it ratified by the judgment of that court.

The judge before whom this petition was tried has found that the settlement was such a one as the court would have approved had the matter been brought to the court's attention at the time of filing the agreement. Here then is a reasonable settlement fairly made, and both the next friend and the defendant desire to reduce the same to judgment; and a paper containing an agreement for judgment is filed in court. Under these circumstances we think that after the agreement for judgment was filed the case was ripe for judgment under R. L. c. 177, § 1, and that therefore in law it went to judgment at any rate on January 4, 1904, under that statute. And that is so even if the clerk failed to note the fact on the docket. *Pierce* v. *Lamper*, 141 Mass. 20. It is immaterial that the clerk made an unauthorized entry of judgment at an earlier date. Under these circumstances the settlement was in law valid, the ruling of the judge to that effect was correct, and the petition was rightly dismissed for that reason.

We see no error in the manner in which the judge dealt with the petitioner's requests for rulings.

*Exceptions overruled ; decree dismissing petition affirmed.*