ETHEL BUTLER *vs.* WINCHESTER HOME FOR AGED WOMEN.

Suffolk.   January 28, 1914. — February 26, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Next Friend.   Infant.   Judgment.*

No formal appointment of a next friend to bring an action in behalf of an infant is necessary, if the fact that the action is so brought is recited in the writ.

Where, after the trial of an action brought by an infant by his next friend in a municipal court, there was a finding for the defendant, a judgment entered upon the finding is a bar to a subsequent action brought by the plaintiff for the same cause after he becomes of age, although the entry of judgment was caused by a failure of the plaintiff's attorney properly to advise him as to his rights of appeal.

TORT for injuries received by the plaintiff on February 5, 1908, when she fell into a coal hole, the cover of which was alleged to have been defective owing to negligence of the defendant.   Writ dated May 29, 1912.

The case was heard by *McLaughlin,* J., without a jury.   The opening statement, containing an offer of proof by the plaintiff's attorney, was in substance as follows:

"The plaintiff offers to prove the facts as alleged in her declaration in said action.   Further she admits that she brought an action on or about March 19, 1908, against the defendant in the Municipal Court of the City of Boston for the same cause of action for which the present suit was brought; that on or about June 1, 1908, there was a trial of said action in said Court; that said writ recites in said action, that 'Ethel Butler, of said Boston, who sues by her next friend, Sarah Butler'; that . . . a finding was given for the defendant; that judgment was entered for the defendant on June 5, 1908; that . . . at the time said action was brought

the plaintiff . . . had not attained the age of eighteen years; that she intended and desired to appeal from said judgment to the Superior Court; that before the time had elapsed for perfecting said appeal, she was informed by the attorney who acted for her in the trial of said cause, that it would be necessary, in order to appeal said case, that she must furnish surety or sureties to go on the appeal bond, who owned real estate; that she was unable to furnish such sureties, but was able to furnish surety or sureties who had sufficient personal estate and that she was also able to furnish $100 in cash to perfect said appeal, and that relying upon said information of her attorney, she lost her right of appeal."

The judge ruled that the judgment entered in the Municipal Court was a bar to the present action and that the facts set forth in the offer of proof, if true, by reason of said judgment did not entitle the plaintiff to recover, and found for the defendant. The plaintiff alleged exceptions.

*J. M. Browne & J. T. Maguire,* for the plaintiff, submitted a brief.

*L. C. Doyle,* for the defendant.

CROSBY, J. The question raised by the exceptions is whether the ruling of the judge of the Superior Court upon the offer of proof made by the plaintiff discloses any error.

The contention of the plaintiff's counsel is that the plaintiff was an infant when the first action was brought in the Municipal Court. The writ in that action describes her as "Ethel Butler of said Boston who sues by her next friend Sarah Butler." It is also contended that it does not appear from the record that the person described as next friend was appointed by the court; and therefore that no valid judgment could be entered against the plaintiff.

The case does not come before us upon the record of the Municipal Court, but upon an offer of proof made in the Superior Court. There is nothing in the offer of proof to indicate what appears of record in the Municipal Court. In other words, it may or may not appear of record that the judge of the Municipal Court appointed a next friend to prosecute the action. This would seem to dispose of the question raised; yet we will assume that no such appointment was expressly made.

It is undoubtedly true that in civil actions brought on behalf of infants, in theory of law the next friend is to be appointed by

the court; and it was formerly held that in such actions, whether brought by a guardian or next friend, such person must be appointed by the court.   But the rule now is that the *prochein ami* as well as the guardian is to be admitted without any other appointment or record than a recital in the pleadings.   *Miles* v. *Boyden*, 3 Pick. 213, 219.   *Guild* v. *Cranston*, 8 Cush. 506. *Wallace* v. *Boston Elevated Railway*, 194 Mass. 328.   Under the present practice no formal appointment of a *prochein ami* is necessary, but he may be removed by the court and another appointed if that appears to be for the interest of the infant and necessary for his protection.

An infant is not bound by the acts of one who as next friend brings an action on his behalf without his knowledge and prosecutes it without his consent.   *Tripp* v. *Gifford*, 155 Mass. 108. As stated by Barker, J., in *Gray* v. *Parke*, 155 Mass. 433, 435: "Under our practice, although the next friend is presumed in theory of law to have been appointed by the court, no actual appointment is necessary; and the person who assumes to act as next friend in instituting the proceedings is not ousted from his position by a challenge of his authority, but only by removal by the court, and until such removal his authority is in force."   The settlement of an action brought on behalf of an infant cannot be made by his next friend unless approved by the court.   *Tripp* v. *Gifford*, 155 Mass. 108.

The judgment rendered in the Municipal Court is final even if the plaintiff failed to enter her appeal by reason of the error or failure of her attorney correctly to advise her as to her rights. An infant ordinarily is bound by the acts done in good faith by her solicitor or counsel in the course of proceedings, to the same extent as a person of full age.

We are of opinion that the ruling of the judge of the Superior Court was correct.   The judgment entered in the Municipal Court is a bar to this action.

*Exceptions overruled.*