MARILYN NAGLE vs. JOHN O'NEIL.

Suffolk.   December 4, 1957. — February 27, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Judgment. Minor. Practice, Civil,* Agreement for judgment, Action by minor.

A judgment for the plaintiff, entered in an action by a minor for personal injuries pursuant to an agreement for judgment signed by her father and next friend and by her counsel and made without fraud but not examined as to reasonableness of amount by the court, barred a subsequent action by the minor for the same cause of action against the same defendant.

TORT.   Writ in the Municipal Court of the South Boston District dated April 5, 1955.

Upon removal to the Superior Court the action was tried before *Sullivan,* J.

*Alfred A. Albert,* for the plaintiff.

*Philander S. Ratzkoff,* for the defendant.

WILKINS, C.J.   The direction of a verdict for the defendant upon the plaintiff's opening in this action of tort for personal injuries due to the defendant's negligent operation of an automobile raises questions as to the binding effect upon the plaintiff, who is a minor, of a previous judgment in her favor.

The plaintiff was hurt on September 6, 1951, when she was approximately two years of age and while a pedestrian on a public way.   By writ dated December 19, 1951, returnable in South Boston District Court, Marilyn, through her father and next friend, brought suit against the defendant for the same cause of action as the present suit.   Thereafter there was filed an agreement for judgment for the plaintiff for $1,300 which was signed by Joseph Nagle, as her father and next friend, and by the lawyer who was her counsel of record.   Judgment was entered pursuant to the agreement, and execution issued which was returned to court indorsed

as satisfied in full. A release was signed and executed by Joseph Nagle, as father and next friend.

Eileen C. Nagle is the mother and the duly appointed and qualified guardian of Marilyn by decree dated February 25, 1955, of the Probate Court for Suffolk County. The writ is dated April 5, 1955, in the present action, which was brought in South Boston District Court, and removed to the Superior Court.

The opening contained statements that the plaintiff's father made the settlement under the advice of the lawyer then representing her; that the settlement was grossly inadequate and highly unreasonable; that the plaintiff's parents had no conception of the value of the case; that no court has heard and determined the reasonableness or the fairness of the amount of $1,300; and that no fraud or dishonesty is involved.

In the absence of fraud, which is expressly disclaimed here, a judgment of a court of competent jurisdiction cannot be attacked collaterally. *Savage* v. *Welch*, 246 Mass. 170, 176. *Long* v. *MacDougall*, 273 Mass. 386, 388. *Browne* v. *Moran*, 300 Mass. 107, 110–111. That the judgment was entered by agreement of the parties rather than by the court is immaterial. *Biggio* v. *Magee*, 272 Mass. 185, 187–188. *Ansara* v. *Regan*, 276 Mass. 586, 589. *Macheras* v. *Syrmopoulos*, 319 Mass. 485, 486. This principle is enough to dispose of the case at bar.

Viewing the present case on the merits, the plaintiff is concluded by the judgment notwithstanding the fact that she is a minor and the merits of her case have not been heard by any court. In *Tripp* v. *Gifford*, 155 Mass. 108, it was decided that a settlement made out of court by a next friend was not binding. But in the course of the decision it was said, at page 111, "Unless such a settlement is affirmed, either in terms if brought to the attention of the court, or by an entry of judgment in regular course, it may fairly be held invalid. If it is not of such a nature as to commend itself to counsel, to whom, as well as to the next

friend, the infant has a right to look for protection, it ought
not to stand unless sanctioned by the court. It is no in-
justice to a defendant to hold that the infant is not con-
cluded until the cause is disposed of by judgment." Con-
trary to the contention of the plaintiff, the *Tripp* case does
not hold that, without judicial examination of the reason-
ableness of the settlement, the prior judgment stands in
no better position than a settlement out of court. This is
clear from that opinion (page 109), where it was said, "In
most instances . . . the settlement is made and the judg-
ment entered without calling the attention of the presiding
justice to it, or obtaining his approval. That such judg-
ments conclude the minor we have no doubt, since he is
ordinarily bound to the same extent as a person of full age
by acts done in good faith by his counsel in the course of a
suit; and even in equity, if a decree is entered against him
by consent without special inquiry, he will be bound by
the decree. *Walsh* v. *Walsh,* 116 Mass. 377, 382."

In *Wallace* v. *Boston Elevated Railway,* 194 Mass. 328,
judgment was entered pursuant to an agreement which was
signed by the next friend, who had discharged counsel, and
was filed in the clerk's office by counsel for the defendant,
who neglected to sign it. In a subsequent proceeding to
avoid the judgment, the court rejected a contention that
the judgment was invalid in that the agreement had not
been signed by counsel for the defendant. After a long
quotation from the *Tripp* case, which embraced all which
we have quoted from that opinion, the court said at page
333: "The judge before whom this petition was tried has
found that the settlement was such a one as the court
would have approved had the matter been brought to the
court's attention at the time of filing the agreement. Here
then is a reasonable settlement fairly made, and both the
next friend and the defendant desire to reduce the same to
judgment; and a paper containing an agreement for judg-
ment is filed in court. . . . Under these circumstances the
settlement was in law valid . . . ." The plaintiff's conten-
tion that the *Wallace* case "contains the clearest indication

that a judicial examination for reasonableness is necessary in order to render the prior judgment binding against the infant" is not sustained by a careful reading of the opinion. After quoting with approval the statement from the *Tripp* case, the court surely could not have intended by implication to cast doubt upon it.

In *Butler* v. *Winchester Home for Aged Women*, 216 Mass. 567, it was held that a judgment entered following a finding for the defendant in an action brought by an infant by his next friend is final and bars a subsequent action for the same cause by the plaintiff after becoming of age. At page 569, it was said, "An infant ordinarily is bound by the acts done in good faith by her solicitor or counsel in the course of proceedings, to the same extent as a person of full age."

In so far as any of the cases from other jurisdictions cited by the plaintiff may state other views, we shall adhere to our own decisions. A contrary course would raise havoc with judgments which have been entered over many years on the faith of those decisions.

*Exceptions overruled.*