ANGELIQUE BAKER[1] *vs.* JOANNE BINDER & another.[2]

No. 91-P-1197.

Hampden. December 15, 1992. - March 30, 1993.

Present: DREBEN. GILLERMAN, & GREENBERG, JJ.

*Statute*, Construction. *Limitations, Statute of. Medical Malpractice*, Statute of limitations. *Negligence*, Medical malpractice. *Minor*, Statute of limitations. *Words*, "Appointment."

A minor who had previously asserted and settled a medical malpractice claim, through a parent acting as next friend, was barred from bringing a subsequent and related action where, pursuant to G. L. c. 231, § 60D, the three-year limitation period had begun to run with the commencement of the first action by the parent as next friend and had expired prior to the subsequent action being commenced. [289-292]

CIVIL ACTION commenced in the Superior Court Department on May 7, 1987.

The case was heard by *Charles R. Alberti*, J., on a motion for summary judgment.

*Frank R. Saia* for the plaintiff.
*George W. Marion* for Baystate Medical Center.
*Melinda M. Phelps* for Joanne Binder.

GREENBERG, J. On the pleadings and materials submitted by the parties, a judge of the Superior Court granted the defendants' motion for summary judgment on the basis that the plaintiff's complaint was time-barred and, accordingly, dismissed the action. The case raises the question whether a minor who had previously asserted and settled a medical malpractice claim, through a parent acting as next friend, is barred from bringing a subsequent and related action be-

[1]By Theodora Baker, as mother and next friend.
[2]Baystate Medical Center.

cause of the three-year limitation period that begins to run from the appointment of a "guardian, or other representative."

Under G. L. c. 231, § 60D, as in effect prior to St. 1986, c. 351, § 23,[3] "any claim by a minor against a health care provider . . . based on an alleged act, omission or neglect shall be commenced within three years . . . [from the date of accrual] except that a minor under the full age of six years shall have until his ninth birthday . . . and *provided further, that any such claim by a minor shall be commenced within three years after the appointment of his administrator, executor, guardian, or other representative by which the action may be commenced*" (emphasis supplied).

According to the uncontested facts presented to the motion judge, the plaintiff, Angelique Baker, through her father and next friend, commenced an earlier, related malpractice action on January 18, 1982, against another physician who, according to the complaint, negligently treated Angelique in 1979 and caused her serious bodily injuries.[4] That matter proceeded to trial in 1987. After the judge declared a mistrial, settlement occurred. On May 7, 1987, after a release of all claims against that defendant was executed, the instant action was commenced.[5] The defendants contend that, by instituting the 1982 suit, Angelique's father was automatically appointed her next friend. See *Tripp* v. *Gifford*, 155 Mass.

---

[3]The 1986 amendment to the statute is not relevant to this case as it applies only to claims arising from acts which occurred on or after November 1, 1986. St. 1986, c. 351, §§ 23, 41.

[4]On the day of her birth, November 11, 1979, the plaintiff had symptoms and physical signs suggestive of some type of newborn intestinal obstruction. In the first action brought only against the attending pediatrician, she claimed negligence in his failure to treat her condition (intestinal malrotation) which negligence resulted in surgical removal of a significant amount of her small intestine.

[5]In her present complaint, Angelique alleged that Baystate Medical Center was negligent in supervising its employees during the period following her birth, and that a pediatric resident negligently failed to diagnose her condition. Another discrete claim, which alleged negligent postoperative administration of an intravenous feeding tube by a staff nurse, was dismissed because of the plaintiff's failure to post a bond in accordance with G. L. c. 231, § 60B.

108, 109 (1891); *Gray* v. *Parke*, 155 Mass. 433, 435 (1892) ("although the next friend is presumed in theory of law to have been appointed by the court, no actual appointment is necessary"). Their argument concludes that, pursuant to G. L. c. 231, § 60D, the three-year limitation period began with the commencement of the first suit and expired as to her present claims in 1985.

To avoid the strictures of the three-year limitation period, the plaintiff reads the word "appointment" contained in the statute according to its dictionary definition, that is, as "[the] act of appointing or designating for an office or position" (see the American Heritage Dictionary 89 [3d ed. 1992]). As the plaintiff's father, when he undertook to bring the first action, had not been designated by any court as her guardian (see G. L. c. 201, § 34, providing for appointments of guardians ad litem and next friends for minors), the plaintiff argues that the three-year limitation period was never previously triggered.[6]

*Legislative History.*

We begin with the familiar notion that "[we] must consider the entire statutory arrangement to determine the legislative intent." *County Commrs. of Franklin* v. *County Commrs. of Worcester*, 383 Mass. 323, 325 (1981). Many States, including Massachusetts, responded to the concern about malpractice insurance costs of the early and mid-1970's by enacting legislation which created special requirements and restrictions not applicable to other tort claims. The relevant statute in effect prior to 1976 provided that the three-year period of limitation applicable to medical malpractice actions did not begin to run against a minor until the minor reached the age of majority. See G. L. c. 260, § 7; *Cioffi* v. *Guenther*, 374 Mass. 1, 2 (1977). Effective January 1, 1976, the time within which minors' medical malpractice claims

---

[6] If the plaintiff's interpretation were correct, only the first exception contained in § 60D ("that a minor under the full age of six years shall have until [her] ninth birthday" to commence an action) would here apply. In that case, the limitation period would extend to November 11, 1988, her ninth birthday, and the present action would not be barred.

might be brought was shortened to "three years from the date the cause of action accrued" except that a minor under the full age of six years was given until that child's ninth birthday to commence his action. See G. L. c. 231, § 60D, as amended by St. 1975, c. 362, § 5. An apparent purpose of the shortened limitation period was to discourage frivolous or stale claims which would be difficult to defend with the passage of an unreasonable amount of time and would cause increased premium charges for medical malpractice insurance. See *Austin* v. *Boston Univ. Hosp.*, 372 Mass. 654, 655 n.4 (1977); Annual Report of the Special Commission Relative to Medical Professional Liability Insurance and the Nature and Consequences of Medical Malpractice, 1978 House Doc. No. 5631. In 1979, a part of § 60D was again amended by inserting the last exception clause at issue. St. 1979, c. 502. What underlay this revision, added as an emergency measure, was the need to afford sufficient time to the representatives of minors, after their appointments, to commence their suits.

If we were to accept the plaintiff's proposed construction of § 60D, in the circumstances presented here, it would frustrate the purpose of the legislation because next friends of minor plaintiffs, who were not formally appointed by the court, would have a more expansive period to assert malpractice claims than is granted to others. We are of opinion that the limitation period allowed to the "administrator, executor, guardian or other representative" of those within the age of majority was carefully designed as to its purpose and it may not be construed in a manner which renders any of the statutory language meaningless or superfluous. See *International Org. of Masters, Mates & Pilots* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.*, 392 Mass. 811, 813 (1984); *Devaney* v. *Watertown*, 13 Mass. App. Ct. 927, 928 (1982). The handiwork of the Legislature would unravel if, as the plaintiff suggests, the lack of a formal appointment by the court in 1982 permitted the clock not to run on her related claims.

Our view assigning a more elastic meaning to the word "appointment," as used in the second exception clause of G. L. c. 231, § 60D, is reinforced by the last catchall phrase "or other representative by which the action may be commenced." Since G. L. c. 201, § 34 (appointment of guardian ad litem for minors), had been in effect for a considerable period of time prior to the enactment of G. L. c. 231, § 60D, the catchall phrase would have no meaning if we were to adopt the interpretation urged by the plaintiff, because the words would have added nothing to the list of persons authorized by law to commence timely suits on behalf of minors. By adding a more generic class of persons, we may assume that the Legislature determined that "the interest of minors will be protected by their guardians, or [equally] by others who are near to them." *Cioffi* v. *Guenther*, 374 Mass. 1, 4 (1977), quoting from *Sweet* v. *Boston*, 186 Mass. 79, 82 (1904). There is no reason to conclude that the Legislature, by its 1979 amendment, intended that the measurement of the limitation period would vary depending upon the procedural process by which appointments are made. "It is a familiar principle of statutory construction that mere verbal changes in the revision of a statute do not alter its meaning and are construed as a continuation of the previous law." *Arthur A. Johnson Corp.* v. *Commonwealth*, 306 Mass. 347, 353 (1940).

Our interpretation is supported by the settled case law which makes clear that specific and explicit judicial approval is not a requirement for parents to act on behalf of minor children. "[T]he rule now is that the [next friend] . . . is to be admitted without any other appointment or record than a recital in the pleadings." *Butler* v. *Winchester Home for Aged Women*, 216 Mass. 567, 569 (1914). See *Gray* v. *Parke*, 155 Mass. 433, 435 (1892). We also take as an indicator of conscious policy that the Legislature is presumed to be aware of the process by which next friends are appointed, as that procedure has evolved in case law over the years.

The plaintiff also contends that her father's automatic appointment as her next friend should not be binding because

the settlement of her earlier action was not expressly approved by a judge. In the absence of special circumstances, such as fraud, bad faith, or conscious disregard of a minor's interests, a settlement for a minor will not be set aside because it was the product of the parties' agreement rather than a court's determination. *Nagle* v. *O'Neil*, 337 Mass. 80, 81 (1958). Nothing in the record suggests that the settlement made on Angelique's behalf was inadequate or was made with conscious disregard of her best interest. Cf. *Wallace* v. *Boston Elev. Ry.*, 194 Mass. 328, 333 (1907) (validating settlement on behalf of a minor because it was a "reasonable settlement fairly made" and "was such a one as the court would have approved had the matter been brought to the court's attention at the time"). The lack of formal court approval of the settlement does not defeat the father's automatic appointment.

Lastly, the plaintiff argues that her father's appointment as her next friend in the 1982 action should not bar the present action because the defendants in the instant case were not parties to the earlier case. Statutes of limitation "promote repose by giving security and stability to human affairs" and "encourage plaintiffs to bring actions within prescribed deadlines when evidence is fresh and available." *Olsen* v. *Bell Tel. Labs., Inc.*, 388 Mass. 171, 175 (1983), quoting from *Franklin* v. *Albert*, 381 Mass. 611, 618 (1980). The deposition testimony of Angelique's mother reveals that she initially contacted her attorneys in February of 1980 about bringing a lawsuit against the defendants. In short, we conclude that those who have had the opportunity to bring known claims on grounds fully appreciated by them at the time of the occurrence should not later be heard to complain.

*Judgment affirmed.*