Donohue, J.
Plaintiff, Cecile Tesson, brought this action pursuant to G.L.c. 30A, §14 (1992) seeking review of defendant’s, Massachusetts Department of Public Welfare, wrongful termination and denial of Aid *651 to Families with Dependent Children (“AFDC”) and Emergency Aid to Elderly, Disabled, and Children (“EAEDC”). This case is now before the court on Plaintiffs motion for summary judgment. Plaintiff contends that the Adam L. Richardson Trust (“Trust") was not accessible to her in June 1988, when defendant wrongfully terminated her AFDC benefits. Likewise, plaintiff also argues that the Trust assets were not accessible to her in September 1993, when defendant denied her application for new benefits. Accordingly, plaintiff insists that she is retroactively entitled to benefits from June 1988 or September 1993.
Defendant, meanwhile, asserts that because the Trust did not meet the inaccessible trust requirements under 106 Code Mass.Reg. §§304.125(A) and 321.125(A) (1993), the trust assets were considered accessible to plaintiffs assistance unit and thus, were countable assets. Consequently, defendant contends that it properly terminated plaintiffs benefits in 1988 and denied her application for new benefits in 1993.
For the reasons set forth below the decision of the Welfare Appeals Referee must be affirmed.
BACKGROUND
In 1983, plaintiffs seven-year-old son, Adam Richardson, was severely injured in a swimming pool accident. In February 1988, plaintiff received $62,666.67 in settlement of her loss of consortium claim, and her son received $162,630.41 in settlement ofhis personal injury claim. Plaintiffs son also received an annuity providing for the payment of $1,500 a month for the duration of his life. Plaintiff placed over $162,000 of the settlement in trust for her son. Plaintiff is the trustee of the Trust. Plaintiff drafted the Trust to ensure that the family’s public assistance eligibility would not be affected by the Trust. In June 1988, however, defendant terminated plaintiffs AFDC benefits because the Trust did “not satisfy all of the conditions necessary to qualify as an inaccessible asset.” Plaintiff did not appeal the termination of her benefits.
On September 7, 1993, plaintiff applied for AFDC and EAEDC benefits. Because of the Trust funds, defendant concluded that plaintiff did not qualify for either program. Plaintiff appealed defendant’s denials. On December 22, 1993, following a hearing, a Welfare Appeals Referee affirmed defendant’s denial of benefits and stated that it lacked jurisdiction to consider the 1988 termination of benefits. Pursuant to G.L.c. 30A, §14 plaintiff filed this appeal.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter oflaw. Good v. Commissioner of Correction, 417 Mass. 329, 332 (1994); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time Inc., 404 Mass. 14, 16-17 (1989).
The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liability Policies and Bonds, 27 Mass.App.Ct. 470, 474 (1989); Faith Assembly of God v. State Building Code Commission, 11 Mass.App.Ct. 333, 334 (1981), citing Almeida Bus Lines, Inc. v. Department of Public Utilities, 348 Mass. 331, 342 (1965). In reviewing the agency’s decision, this Court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. Flint v. Commissioner of Public Welfare, 412 Mass. 416,420 (1992); Seagram Distillers Co. v. Alcoholic Beverages Control Commission, 401 Mass. 713, 721 (1988). The reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional Vocational School District v. Labor Relations Commission, 386 Mass. 414, 420-21 (1982), citing Olde Towne Liquor Store, Inc. v. Alcoholic Beverages Control Commission, 372 Mass. 152, 154 (1977). A court may not dispute an administrative agency’s choice between two conflicting views, even though the court would justifiably have made a different choice had the matter come before it de novo. Zoning Board of Appeals of Wellesley v. Housing Appeals Commission, 385 Mass. 651, 657 (1982).
I. The Inaccessible Trust Requirement ■
106 Code Mass.Regs. §304.125(A) (1993) provides that:[1]
An inaccessible asset is an asset to which the individual has no ready access and is not counted when determining eligibility for AFDC.
(1) Inaccessible assets include, but are not limited to, property the ownership of which is the subject of legal proceedings and irrevocable trust funds.
(2) Any funds in a trust, and the income produced by that trust to the extent it is not available to the assistance unit, shall be considered inaccessible to the assistance unit if all of the conditions listed below are met by the trust arrangement.
(a) No assistance unit member has the power to revoke the trust arrangement or change the name of the beneficiary.
(b) The trustee administering the trust is either (1) a court or an institution, corporation, or organization that is not under the direction or ownership of any assistance unit member; or (2) an individual appointed by the court who has court imposed limitations placed on his or her use of the funds; or (3) an individual whose responsibilities are governed by the terms of the irrevocable trust and who is not under the direction or control of any assistance unit member(s) (emphasis added).
*652 In the present case it is undisputed that the Trust satisfies the requirements of §§304.125(A)(1) & (2)(a) and 321.125(A)(1) & (2)(a). Moreover, plaintiff concedes that §§304.125(A)(2)(a) and (c) and 321.125(A)(2)(a) and (c) are inapplicable to this case. Therefore, the only issue is whether the Trust satisfies §§304.125(2)(b)(2) and 321.125(2)(b)(2).
Plaintiff argues that by approving the settlement, the court appointed her as trustee of the Trust. Additionally, plaintiff contends that the limitations imposed by the Trust on her use of the Trust funds constitute limitations imposed by the court. In opposition, defendant insists that passive approval of a settlement agreement does not constitute the court’s exercise of its appointment power. Defendant analogizes the court’s approval of the settlement agreement naming plaintiff as trustee to a court’s approval of a testamentary trust.
Defendant’s argument persuades this Court. Neither Tripp v. Gifford, 155 Mass. 108 (1891), nor Nagle v. O’Neil, 337 Mass. 80 (1958), support plaintiff s argument that the court’s approval of the settlement constitutes either the appointment of a trustee or the imposition of limitations on the trustee by the court. Tripp and Nagle stand only for the proposition that a settlement does not conclude a minor until it is approved by the court. They do not discuss nor can they be fairly read to imply that a court’s approval of a settlement agreement constitutes an appointment by the court. Accordingly, Tripp and Nagle aire irrelevant to the present case.
Sections 304.125(A)(2)(b)(2) and 321.125(A)(2)(b)(2) require a court to appoint a trustee and impose limitations on the trustee’s use of the Trust funds. By its plain meaning, the regulation places upon the court the duty of appointing a trustee and imposing restrictions on the trustee’s use of the funds. The mere approval of a settlement agreement does not constitute the appointment of a trustee or the imposition of restrictions by the court. Accordingly, plaintiff fails to meet the inaccessibility requirements of §§304.125(A)(2)(b)(2) and 321.125(A)(2)(b)(2).
II. Countability of the Trust Funds
Plaintiff argues that defendant should have treated the Trust funds as noncountable assets. In pertinent part, 106 Code Mass.Regs. §§304.140(P) and 321.140(P) state that “[except for compensation for lost wages,] any portion of a . . . personal injury settlement . . . that is received as a reimbursement for specified items” is a noncountable asset. Here, plaintiff asserts that because the Trust funds are being used to make mortgage payments on residential real estate and reimbursements for lost income, the Trust constitutes “reimbursement for specified items.”
Having reviewed the administrative record in this case, this Court finds that the plaintiff has failed to meet her burden of showing the decision’s invalidity under G.L.c. 30A, §14(7) (a)-(g). Merisme v. Board of Appeals on Motor Vehicle Liability Policies and Bonds, supra. Moreover, neither the mortgage payment nor compensation for future loss of income constitute “reimbursement.” See Webster’s Third New International Dictionary, at 1914 (1981) (defining reimbursement as “the action of [paying back ... for something taken, lost, or expended]”). Therefore, the Welfare Appeals Referee did not err in finding the Trust to be a countable asset.
III. The 1988 Termination of Benefits and the Retroactive Request for Benefits
Plaintiff contends that defendant wrongfully terminated her benefits in 1988, and, therefore, plaintiff is retroactively entitled to benefits. In 1988, when defendant terminated the plaintiffs benefits, 106 Code Mass.Regs. §107.000 (1987) detailed a comprehensive administrative process for challenging defendant’s decision to terminate benefits. In particular, §107.010 provided that a parly had thirty days, following notification of the agency’s decision, in which to seek the first stage of administrative review. In the instant case, plaintiff concedes that she never appealed the 1988 termination of benefits. Plaintiff, however, insists that she never received a termination notice from the defendant. Although it may be true that plaintiff never received an actual termination notice, plaintiff was on notice once her benefit checks stopped arriving. Indeed, plaintiff believed that her attorney was handling the matter.
Failure to exhaust available administrative remedies forecloses judicial review. Massachusetts Respiratory Hospital v. Department of Public Welfare, 414 Mass. 329, 337 (1993). Since plaintiff was on notice that her benefits had been terminated she was required to comply with the administrative procedures set forth in §107.000. Id. (“When a party fails properly to proceed through an agency’s lawfully established administrative process, that party normally is not entitled to a judicial decision on the merits of its claim.”) Plaintiffs alleged reliance on the belief that her attorney was appealing the 1988 termination of benefits is not a recognized exception to compliance with available administrative remedies.[2] See Space Building Corp. v. Commissioner of Revenue, 413 Mass. 445, 448 (1992); Uniformed Firefighters of Ludlow, Local 1840 v. Board of Selectmen of Ludlow, 29 Mass.App.Ct. 901, 903 (1990). Accordingly, plaintiffs failure to exhaust her administrative remedies precludes this Court’s consideration of the 1988 termination.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiffs motion for summary judgment be DENIED. It is further ORDERED that judgment enter AFFIRMING the decision of the Welfare Appeals Referee.

 106 Code Mass. Regs. §321.125(A), which deals with the eligibility requirement for EAEDC, is identical to 106 Code Mass. Regs. §304.125(A).

The attorney’s failure to properly handle plaintiffs administrative appeal may, however, provide plaintiff with a separate cause of action against the attorney.