Fremont-Smith, J.
The plaintiff, Cecile Tesson (“Tesson”), brought this action against the defendant, the Commissioner of the Department of Public Welfare (the “Department”), alleging a violation of state law relative to the denial of her September 7, 1993 applications for AFDC and EAEDC. In her complaint, Tesson sought review, pursuant to M.G.L.c. 30A, §14, of a December 22, 1993 decision of the Welfare Appeals Referee denying her applications for AFDC and EAEDC benefits. On September 21, 1994, Tesson moved for summary judgment, which motion was opposed by the Department. Shortly thereafter, Tesson moved, without opposition, to amend her complaint, seeking to add federal law claims relative to the Department’s denial of her 1993 AFDC and EAEDC applications, which motion was allowed. On or about February 16, 1995, Tesson filed an amended complaint, adding a claim of racial discrimination under 42 U.S.C. §1981 and a claim of civil rights violations pursuant to 42 U.S.C. §1983 arising out of the 1993 denial of her applications for AFDC and EAEDC benefits.
On or about April 4, 1995, Tesson’s motion for summary judgment was denied by the Court (Donohue, J.) [3 Mass. L. Rptr. 650], and summary judgment was entered for the Department. The Appeals Court reversed, finding that the Department had misinterpreted an unambiguous state regulation regarding the existence of “inaccessible assets” when it denied Tesson’s 1993 applications for AFDC and EAEDC. The Appeals Court remanded the case to the Superior Court with the direction that it be further remanded to the Department to determine the amount of retroactive benefits due Tesson on the basis of her 1993 applications, and to report such determination *632 to the Superior Court, which was directed to then award the appropriate benefits. See Tesson v. Dept of Transitional Assistance, 41 Mass.App.Ct. 479, 484 (1996).
Tesson then moved this Court for an award of attorneys fees under 42 U.S.C. §1988, pursuant to her amended complaint, which alleges, in addition to the state law claims upon which she prevailed, violations under 42 U.S.C. §§1981 and 1983. The Court (Fremont-Smith, J.) denied Tesson’s motion on the ground that a government official, such as the Commissioner, enj oys a qualified immunity from suit for civil damages when he or she is performing a discretionary function and when, “at the time of the challenged action, the statutory or constitutional right allegedly violated was not ‘clearly established.’ ” Breault v. Chairman of the Bd. of Fire Commissioners of Springfield, 401 Mass. 26, 32 (1987) (citations omitted). On the other objections raised by the defendant, the Court decided in favor of the plaintiff. See Memorandum of Decision and Order on Plaintiffs Motion for Attorney Fees, dated March 27, 1997.
DISCUSSION
After careful consideration, this Court is of the opinion that its Order of March 27, 1997, denying Tesson’s motion for attorney’s fees under 42 U.S.C. §1988 on the basis of qualified immunity, was in error, as it has now been called to the Court’s attention that “(glovernment actors who have been sued successfully under §1983 in their official capacities, as representatives of the governmental entity, cannot avail themselves of any personal immunity defenses against an award of attorney’s fees under § 1988.” Handy v. Penal Institutions Commissioner of Boston, 412 Mass. 759, 763 n.4 (1992) (citations omitted). “Consequently, the governmental entity whom the defendants represent must pay attorneys fees awarded under § 1988.” Id.
ORDER
For the foregoing reasons, Tesson’s motion for reconsideration is ALLOWED. This Court’s opinion and order of March 27, 1997 is vacated, and judgement shall enter awarding Tesson attorney’s fees under 42 U.S.C. §1988. If the defendant wishes to contest the amount of attorney’s fees specified by the plaintiff ($19,206.58), it shall file and serve any papers in opposition thereto within ten days of receipt of this Order.